**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 23-50038 (DRJ) |
| Lifesize, Inc., *et al*. | Jointly Administered |
| Debtors.[1] | **Re:  Docket No. 48** |

**OBJECTION OF CIGNA TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF
ORDERS (A)(I) AUTHORIZING ASSET PURCHASE AGREEMENT FOR SALE OF
SUBSTANTIALLY ALL OF DEBTORS' ASSETS (II) APPROVING BIDDING
PROCEDURES FOR SALE OF DEBTORS' ASSETS, (III) APPROVING BID
PROTECTIONS, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO,
(V) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (VI)
APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES; (B)
APPROVING (I) SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (II) ASSUMPTION
AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES;
AND (C) GRANTING RELATED RELIEF**

Cigna Health and Life Insurance Company ("Cigna") hereby objects to the Sale Procedures (defined below) proposed by the *Debtors' Emergency Motion for Entry of Orders (A)(I) Authorizing Asset Purchase Agreement for Sale of Substantially All of Debtors' Assets (II) Approving Bidding Procedures for Sale of Debtors' Assets, (III) Approving Bid Protections, (IV) Scheduling Certain Dates With Respect Thereto, (V) Approving the Form and Manner of Notice Thereof, and (VI) Approving Contract Assumption and Assignment Procedures; (B) Approving (I) Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (II) Assumption and Assignment of Certain Contracts and Leases; and (C) Granting Related Relief* [Docket No. 48] (the "Sale Motion"), and in support thereof, respectfully states as follows:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West. Village Blvd., Suite 102, Laredo, TX 78041.

## **BACKGROUND**

1.      Cigna and Debtors are parties to the following insurance policies (jointly, the "Employee Benefits Agreements") pursuant to which Cigna provides group dental, medical, and vision benefits for Debtors' employee benefits plan:

- Cigna Dental Choice Policy, effective January, 1, 2018, as amended.
- Group Medical and Vision Policy, effective October 1, 2015, as amended.

2.      Pursuant to the Sale Motion, Debtors seek this Court's approval for the sale of substantially all of their assets (the "Sale") to a to-be-determined purchaser (the "Purchaser").  The Debtors initially seek approval of procedures governing the Sale process (the "Sale Procedures").

3.      The Sale Procedures include Assumption and Assignment Procedures[2] that will govern the assumption and assignment of certain of Debtors' executory contracts to the Purchaser as part of the Sale.  No list of the executory contracts sought to be assumed and assigned pursuant to the Sale is included in the Motion.  Instead, the Debtors propose to provide various notices to the non-Debtor parties to executory contracts (the "Contract Counterparties").

4.      The Sale Motion proposes that, no later than three business days after the entry of an order approving the Sale Procedures, the Debtors will file and serve a Cure Notice listing some or all of the Debtors' executory contracts that may be assumed and assigned as part of the Sale, and proposed cure amounts for each.  Sale Motion, ¶ 19(b).  The contracts listed in the Cure Notice may or may not be assumed and assigned as part of the Sale.  *Id*.; *see also*, proposed order approving the Sale Procedures [Docket No. 48-1] (the "Proposed Order").

5.      The Sale Motion further proposes that the Debtors may add or remove contracts from previous notices, and alter proposed cure amounts, by filing Supplemental Cure Notices.

---

[2]    Capitalized terms not defined herein have the meanings given to them in the Sale Motion.

Sale Motion, ¶ 19(f).  Importantly, the Debtors seek permission to serve such Supplemental Cure Notices "at any time before the closing of a Sale."  *Id*.; *see also*, Proposed Order, ¶ 10(f).  The proposed Sale Procedures do not require the Debtors to provide notice of the contracts actually proposed to be assumed and assigned to the Purchaser (the "Assigned Contracts") prior to the hearing for approval of the Sale (the "Sale Hearing"), or even prior to the closing of the Sale (the "Closing").  Only those contracts "included on a schedule of assumed and assigned contracts" attached to the "asset purchase agreement with a Successful Bidder" will be assumed and assigned.[3]  Proposed Order ¶ 12.  No notice of a "final" list of Assigned Contracts is to be filed.

6.     The Proposed Order asks this Court to find that the "Cure Notice is reasonably calculated to provide counterparties to the Contracts to be assumed and assigned with reasonable notice of the intended assumption or assumption and assignment of their Contracts."  Proposed Order, ¶ 12.  On the contrary, neither the Cure Notice nor any other notice proposed by the Debtors will provide Contract Counterparties with definitive notice of their inclusion in or exclusion from the list of Assigned Contracts.

7.     At bottom, the Sale Motion seeks this Court's approval of a process that will give the Debtors *carte blanche* authority with which they can assume and assign any or all of their contracts without meaningful notice to Contract Counterparties prior to the hearing where approval of such assumption and assignment will be sought.

---

[3]     The Stalking Horse Purchase Agreement filed with the Court contains no schedule of assumed and assigned contracts.  [Docket No. 72].

## **OBJECTION**

8.      Cigna objects to the proposed Sale Procedures because, *inter alia*, they do not provide for adequate and definitive notice of the proposed disposition of the Employee Benefits Agreements in the context of the Sale.

9.      Through the Sale Motion, the Debtors seek this Court's approval of the potential assumption and assignment of a subset of the Debtors' executory contracts that will be undefined as of the Sale Hearing.  Further, the proposed Sale Procedures would permit the universe of Assigned Contracts to remain fluid until Closing, and would provide for no meaningful notice of disposition to Contract Counterparties.  The process proposed by the Debtors will leave Cigna with no certainty as to the proposed disposition of the Employee Benefits Agreements in the context of the Sale, even after the entry of the Sale Order that will authorize such disposition.  This is directly contrary to the letter and spirit of Rule 6006(f)(2) of the Federal Rules of Bankruptcy Procedure.

10.      Because the Employee Benefits Agreements provide employee benefits that should not be disrupted without substantial notice, definitive notice of Debtors' intention with regard to the Employee Benefits Agreements must be provided prior to the Sale Hearing, and far in advance of Closing.  The proposed Sale Procedures should be altered to provide that written, irrevocable (subject to Closing of the Sale) notice of proposed disposition of the Employee Benefits Agreements must be provided to Cigna and its undersigned counsel at least five (5) business days prior to the Sale Hearing.[4]

---

[4]      To be clear, Cigna does <u>not</u> seek to compel the assumption and assignment of the Employee Benefits Agreements as part of the Sale.  Rather, it seeks adequate notice as to whether the Employee Benefits Agreements <u>will or will not</u> be assumed and assigned as part of the Sale.

WHEREFORE, Cigna respectfully requests that this Court enter an order that: (i) denies the approval of the proposed Sale Procedures except as consistent with the foregoing; and (ii) grants Cigna such additional relief as this Court deems just and equitable.

Dated: June 1, 2023
Houston, Texas

**HUNTON ANDREWS KURTH LLP**

*/s/  Philip M. Guffy*
Philip M. Guffy (TX Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX  77002
Telephone:    (713) 220-3802
Email:  pguffy@huntonak.com

**CONNOLLY GALLAGHER LLP**
Jeffrey C. Wisler (#2795) (*pro hac vice* pending)
1201 North Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 757-7300
Facsimile:  (302) 658-0380
Email: jwisler@connollygallagher.com

*Counsel for Cigna Health and Life Insurance Company*