IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| In re:<br><br>LIFESIZE, INC.,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-50038 (DRJ)<br><br>(Jointly Administered ) |

**CERTIFICATE OF COUNSEL TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS; (II) AUTHORIZING CONTINUANCE OF EXISTING CASH MANAGEMENT SYSTEM; (III) AUTHORIZING CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS AND FUNDING; AND (IV) GRANTING RELATED RELIEF**

(Related Docket Nos. 8 & 43)

The undersigned hereby certifies as follows:

1. On May 16, 2023, the *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Maintenance of Existing Bank Accounts; (II) Authorizing Continuance of Existing Cash Management System; (III) Authorizing Continued Performance of Intercompany Transactions and Funding; and (IV) Granting Related Relief* [Docket No. 8] (the "Motion") was filed with the Court by the above-captioned debtors and debtors in possession.

2. On May 17, 2023 the Court entered an interim order approving the Motion and scheduled a final hearing for June 6, 2023 [Docket No. 43], with objections for final relief to be filed and served no later than June 1, 2023 (the "Objection Deadline").

3. As of the Objection Deadline, no objection or other responsive pleadings to the Motion appear on the Court's docket.

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041.

DOCS_LA:348749.1 58614/002

4. Accordingly, the Debtors respectfully request entry of the proposed order attached hereto as **Exhibit A** at the Court's earliest convenience.

|  |  |
|---|---|
| Dated: June 5, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ Benjamin L. Wallen*<br>Benjamin L. Wallen (SBT 24102623)<br>440 Louisiana Street, Suite 900<br>Houston, TX 77002<br>Telephone: (713) 691-9385<br>Facsimile: (713) 691-9407<br>bwallen@pszjlaw.com<br><br>-and-<br><br>Jeffrey N. Pomerantz (admitted *pro hac vice*)<br>Jordan A. Kroop (admitted *pro hac vice*)<br>Cia H. Mackle (admitted *pro hac vice*)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile:  (310) 201-0760<br>jpomerantz@pszjlaw.com<br>jkroop@pszjlaw.com<br>cmackle@pszjlaw.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2023, a true and correct copy of the above and foregoing has been served on all parties that are registered to receive electronic transmission through this Court's CM/ECF filing system in these cases.

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| In re:<br><br>LIFESIZE, INC.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-50038 (DRJ)<br><br>(Joint Administration Requested) |

**FINAL ORDER (I) AUTHORIZING MAINTENANCE OF EXISTING
BANK ACCOUNTS; (II) AUTHORIZING CONTINUANCE OF EXISTING
CASH MANAGEMENT SYSTEM; (III) AUTHORIZING CONTINUED
PERFORMANCE OF INTERCOMPANY TRANSACTIONS AND FUNDING;
AND (IV) GRANTING RELATED RELIEF**

(Related Docket No. 8)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Final Order"), (i) authorizing the Debtors to (a) continue operating the Cash Management System, (b) honor and pay the Bank Fees in the ordinary course, including any prepetition Bank Fees, (c) maintain existing Business Forms and books and record, and (d) continue certain intercompany transactions and funding; (ii) granting a waiver of the deposit and investment requirements imposed by section 345(b) of the Bankruptcy Code as to certain Bank Accounts; and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DOCS_LA:348749.1 58614/002

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Unless otherwise provided in this Final Order, the Debtors are authorized, on a final basis, to continue operating the Cash Management System, honor their prepetition obligations related thereto, maintain existing Business Forms and Books and Records, and continue to perform Intercompany Transactions in the ordinary course of business and consistent with historical practice, provided that the Debtors shall provide reasonable notice to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases of any material changes to their Cash Management System. The Debtor shall attach month-end statements for all Bank Accounts at the end of the reporting period to any monthly operating reports filed by the Debtor in the chapter 11 case.

2. The Debtors are authorized to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on Exhibit C attached to the Motion; (b) use, in their present form, all preprinted correspondence and Business Forms (including letterhead); (c) treat the Bank Accounts for all purposes as accounts of

the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (e) pay the Bank Fees, including any prepetition amounts, and any ordinary course Bank Fees incurred in connection with the Bank Accounts; and (f) to otherwise perform their obligations under the documents governing the Bank Accounts. Upon five (5) days' notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these Chapter 11 Cases, the Cash Management Banks are authorized to close any existing Bank Accounts in accordance with the terms of the Bank Contracts without further order of the Court.

3. To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until June 16, 2023, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code; provided that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further extension of the time-period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

4. The relief granted in this Final Order is extended to any new bank account opened by the Debtors subject to the terms of this Final Order, in the ordinary course of business after the date hereof, which account shall be deemed a "Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Cash Management Bank."

5. The Debtors are authorized to open new bank accounts so long as (a) any such new account is with a bank (i) that is insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) that is designated as an authorized depository by the U.S. Trustee, and (iii) that

agrees to be bound by the terms of this Final Order, and (b) the Debtors provide notice to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases; *provided* that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Final Order, be deemed a Bank Account as if it had been listed on Exhibit C attached to the Motion; *provided further*, *however*, that such opening shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee and any statutory committee.

6. Nothing contained herein shall prevent the Debtors from closing any Bank Accounts as they may deem necessary and appropriate, to the extent consistent with any orders of this Court relating thereto. Any relevant Cash Management Bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall provide reasonable prior written notice of the closure of any account to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases.

7. The Bank Contracts between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks and, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights, and remedies (including any provisions requiring the Debtors to reimburse a Cash Management Bank for legal fees and expenses incurred by such Cash Management Bank on account of these Chapter 11 Cases) afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with any Cash Management Bank (including, for the avoidance of doubt, any rights of a Cash Management Bank to use funds from the Bank Accounts to remedy any overdraft of another Bank Account to the extent permitted under the

applicable deposit agreement), unless the Debtors and such Cash Management Bank agree otherwise in the ordinary course of business consistent with prepetition practices (provided that any such changes are in accordance with the terms of this Final Order), and any other legal rights and remedies afforded to the Cash Management Banks under applicable law shall be preserved, subject to applicable bankruptcy law.

8. Except as otherwise expressly provided in this Final Order and only to the extent sufficient funds are available in each applicable Bank Account, all Cash Management Banks at which the Bank Accounts are maintained are authorized to continue to administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with prepetition practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wire transfers, and ACH and other transfers issued, whether before or after the Petition Date, including any transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided* that the Debtors will instruct the Cash Management Banks as to which checks, drafts, wire, or other transfers (excluding any wire transfers or ACH transactions that the Cash Management Banks are obligated to settle), or other items presented, issued, or drawn, shall not be honored. Except for those checks, drafts, wires, or other ACH transfers that are authorized or required to be honored under an order of the Court, no Debtor shall instruct or request any Cash Management Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date. All such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

9. Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire payment, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors any such prepetition payment drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

10. All banks maintaining any of the Bank Accounts that are provided with notice of this Final Order shall not honor or pay any bank payments drawn on the Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts. The Cash Management Banks may rely, without a duty of inquiry, upon the failure of the Debtors to issue a stop payment order with respect to any item, whether such item is issued prepetition or postpetition, as a direction by the Debtors that such item be paid.

11. Any banks, including the Cash Management Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

12. Except as otherwise provided in this Final Order, the Cash Management Banks are authorized to charge, and the Debtors are authorized, but not directed, to pay, honor, or allow prepetition and postpetition Bank Fees, whether such items were deposited prepetition or postpetition, to the Bank Accounts in the ordinary course of business consistent with prepetition practices and in accordance with the Bank Contracts. Any such postpetition Bank Fees that are not so paid shall be entitled to priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code.

13. The Debtors are authorized, but not directed, to continue Intercompany Transactions, including Intercompany Transactions with the non-Debtor Affiliates, pay or otherwise accrue Intercompany Claims (including with the non-Debtor Affiliates), and to take any actions related thereto so long as such Intercompany Transactions, the payment of such Intercompany Claims, and such other related actions are on the same terms as, and materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period. The Debtors shall maintain accurate, current, and detailed records of all transfers, including Intercompany Transactions and the payment or accrual of Intercompany Claims, so that all transactions may be readily ascertained, traced, recorded properly on applicable intercompany accounts, and distinguished between prepetition and postpetition transactions. Such records shall be made available upon request by the U.S. Trustee and any official statutory committee upon request. To the extent that the transfers within the Cash Management system are disbursements, they will be noted and reflected on the monthly operating reports. All Intercompany Claims arising from postpetition Intercompany Transactions authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code. The Debtors are authorized to set off mutual postpetition obligations relating to Intercompany Transactions through

the Cash Management System in the ordinary course of business consistent with prepetition practices and subject to preexisting agreements.

14. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

15. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Final Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim or finding that any particular claim is an administrative expense claim or other priority claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. Any payment made pursuant to this Final Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

16. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

17. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order. The Debtors are authorized to reimburse the Cash Management Banks for any charges arising before or after the Petition Date in connection with checks deposited with the Cash Management Banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the ordinary course of business, to the same extent responsible for such items prior to the Petition Date.

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2023

                                                DAVID R. JONES
                                                UNITED STATES BANKRUPTCY JUDGE