**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LIFESIZE, INC. *et al.*, | Case No. 23-50038 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS EFFECTIVE AS OF MAY 16, 2023**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors in possession (collectively, the "Debtors") file this application (this "Application") in these chapter 11 cases (the "Chapter 11 Cases") seeking entry of an order (the "Order"), substantially in the form attached hereto, authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP (the "Firm" or "PSZJ") as general bankruptcy counsel effective as of May 16, 2023 (the "Petition Date").  In support of this Application, and under Bankruptcy Rule 2014, the Debtors submit the declaration of Jeffrey N.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041.

Pomerantz (the "Pomerantz Declaration"), a partner of PSZJ, which is attached hereto as

**Exhibit A**.  In further support of the Application, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of Texas (the

"**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant

to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry

of a final order by the Court.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a) and 330 of Title 11 of

the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and Rules

2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local

Rules").

## General Background

4.      On the Petition Date, the Debtors each commenced with this Court a voluntary case

under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their

business and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11

Cases.

5.      On June 5, 2023, the United States Trustee (the "U.S. Trustee") appointed the

Official Committee of Unsecured Creditors (the "Committee"), which is comprised of the

following six members:  (i) Calabrio, Inc.; (ii) Shareholders Representative Services LLC; (iii)

Craig Malloy; (iv) Michael Helmbrecht; (v) Thomas Cameron, and (vi) Clayton Reed. *See* Docket Nos. 89 and 93.

6.      Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Marc Bilbao in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13] (the "<u>First Day Declaration</u>").[2]

**Scope of Services**

7.      The Firm's services are necessary to enable the Debtors to faithfully execute their duties as debtors in possession.  The Debtors propose that the Firm be employed to render the following professional services:

    a.      assist, advise, and represent the Debtors in their consultations with estate constituents regarding the administration of these Chapter 11 Cases;

    b.      assist, advise, and represent the Debtors in any manner relevant to the Debtors' financing needs, asset dispositions, and leases and other contractual obligations;

    c.      assist, advise, and represent the Debtors in any issues associated with the acts, conduct, assets, liabilities, and financial condition of the Debtors;

    d.      assist, advise, and represent the Debtors in the negotiation, formulation, and drafting of any plan of reorganization and disclosure statement;

    e.      assist, advise, and represent the Debtors in the performance of their duties and the exercise of their powers under the Bankruptcy Code, the Bankruptcy Rules, and any applicable local rules and guidelines; and

    f.      provide such other necessary advice and services as the Debtors may require in connection with these Chapter 11 Cases.

8.      The Firm commenced rendering prepetition services to and on behalf of the Debtors in February 2023.

---

[2]    Capitalized terms used but not defined below are defined in the First Day Declaration.

**Professional Compensation**

9.      As set forth in the Pomerantz Declaration, the Firm received payments from the Debtors during the year prior to the Petition Date in the aggregate amount of $716,913.05 in connection with the Firm's representation of the Debtors.  The Firm is current as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payment to the Firm will be credited to the Debtors and utilized as the Firm's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.  The Firm is not a creditor of the Debtors.

10.     There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as such compensation may be shared among the partners, of counsel, and associates of the Firm.

11.     Subject to the approval of the Court under applicable provisions of the Bankruptcy Code, the Debtors propose to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm for its expenses according to its customary reimbursement policies.  The attorneys and paralegal currently expected to be principally responsible for this matter, and their respective current hourly rates for calendar year 2023, are as follows:  Attorneys, Jeffrey N. Pomerantz ($1,595), Maxim B. Litvak ($1,445), Jordan A. Kroop ($1,350), Cia H. Mackle ($925), Steven W. Golden ($895), and Benjamin L. Wallen ($895); and Paralegals, Beth D Dassa ($545) and Kerri L. LaBrada ($545).  The current standard hourly rates of other Firm professionals who may assist with these Chapter 11 Cases from time to time are:

| PROFESSIONAL | RATE |
| --- | --- |
| Partners | $895.00 to $1,995.00 |
| Of Counsel | $875.00 to $1,525.00 |

4

| Associates | $725.00 to $  895.00 |
| Paraprofessionals | $425.00 to $  595.00 |

12.     These rates are subject to generally applicable increases as put into effect from time to time by the Firm.  The Firm will provide reasonable notice to the Debtors and the U.S. Trustee of any increases of the Firm's hourly rates, as set forth in the Order.

13.     The rates charged by the Firm are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is the Firm's policy to charge for all other expenses incurred in connection with the clients' cases.  These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other Firm clients.

14.     The Firm categorizes its billing into subject matter categories in representations of this kind.  The Firm understands that its compensation in these Chapter 11 Cases is subject to approval of this Court, in accordance with sections 327(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and any further Orders of the Court as an expense of administration pursuant to sections 507(b) and 503(b) of the Bankruptcy Code.  The Firm may seek interim compensation during these Chapter 11 Cases as permitted by section 331 of the Bankruptcy Code or pursuant to further Orders of this Court.

DOCS_LA:349131.4 52624/002

**The Firm's Disinterestedness**

15.     To the best of the Debtors' knowledge, and based upon the Pomerantz Declaration, neither the Firm, nor any of its partners, of counsel, or associates has any connection with the Debtors, its creditors, any other party-in-interest, their respective attorneys and accountants, any bankruptcy judge or district court judge in the Southern District of Texas, the United States Trustee, any person employed in the office of the United States Trustee for Region 7, or any insider of the Debtors, except to the extent set forth in the Pomerantz Declaration.

16.     To the best of the Debtors' knowledge and based on the Pomerantz Declaration, neither the Firm, nor any of its partners, of counsel, or associates represent any interest adverse to the Debtors or their estates, except as may be described in the Pomerantz Declaration.

17.     To the best of the Debtors' knowledge and based on the Pomerantz Declaration, the Firm is a disinterested person under applicable sections of the Bankruptcy Code.

**Basis for Relief Requested**

18.     The Debtors are requesting authority to retain and employ the Firm as their general bankruptcy counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval,

> [May] employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

19.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party

6

in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

20.     The Debtors submit that for all of the reasons stated above and in the Pomerantz Declaration, the retention and employment of the Firm as the Debtors' general bankruptcy counsel is appropriate.  Moreover, the Firm is a "disinterested person" as required by section 327(a) of the Bankruptcy Code, does not hold or represent an interest adverse to the Debtors' estates, and has no connection to the Debtors, their creditors, or other parties-in-interest, except as may be disclosed in the Pomerantz Declaration.

### Notice

21.     Notice of the hearing on the relief requested in this Application will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances.  The Debtors will provide notice to parties-in-interest, including on the Debtors' Master Service List.

### No Prior Request

22.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as is just and proper under the circumstances.

Dated:  June 12, 2023                              LIFESIZE, INC.

                                                  _/s/ Marc Bilbao_
                                                  Marc Bilbao, solely in his capacity as Co-Chief
                                                  Restructuring Officer of Lifesize, Inc., et al., and not
                                                  in any other capacity

7

## Certificate of Service

I certify that on June 12, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Benjamin L. Wallen*
Benjamin L. Wallen

DOCS_LA:349131.4 52624/002