# **EXHIBIT A**

**(Declaration of Jeffrey N. Pomerantz)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| In re:<br><br>LIFESIZE, INC. *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-50038 (DRJ)<br><br>(Jointly Administered) |

**DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS EFFECTIVE AS OF MAY 16, 2023**

I, Jeffrey N. Pomerantz, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, and pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, that the following is true:

1. I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), with an address of 440 Louisiana Street, Suite 900, Houston, Texas 77002, and elsewhere in California, New York and Delaware. I am duly admitted to practice law in the State of California and have been admitted *pro hac vice* in these Chapter 11 Cases.

2. I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of May 16, 2023* (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980); SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041.

"Application").[2]  As set forth in the Application, the Firm is proposed general bankruptcy counsel for the above-captioned debtors in possession (collectively, the "Debtors").

3. The Firm is experienced in the areas of insolvency, business reorganizations, and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to a wide range of debtors in various industries. In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing trustees, individual creditors, special interest committees, asset purchasers, and investors in both in- and out-of-court restructurings.

4. Subject to further order of this Court, and without being exhaustive, the Firm proposes to render the following types of legal services to the Debtors:

   a. assist, advise, and represent the Debtors in their consultations with estate constituents regarding the administration of these Chapter 11 Cases;

   b. assist, advise, and represent the Debtors in any manner relevant to the Debtors' financing needs, asset dispositions, and leases and other contractual obligations;

   c. assist, advise, and represent the Debtors in any issues associated with the acts, conduct, assets, liabilities, and financial condition of the Debtors;

   d. assist, advise, and represent the Debtors in the negotiation, formulation, and drafting of any plan of reorganization and disclosure statement;

   e. assist, advise, and represent the Debtors in the performance of their duties and the exercise of their powers under the Bankruptcy Code, the Bankruptcy Rules, and any applicable local rules and guidelines; and

   f. provide such other necessary advice and services as the Debtors may require in connection with these Chapter 11 Cases.

5. The Firm commenced rendering prepetition services to and on behalf of the Debtors in February 2023.

---

[2] A capitalized term used but not defined shall have the meaning ascribed to it in the Application.

6. In connection with the Debtors' retention of professionals, the Firm received payments from the Debtors during the year prior to the Petition Date in the aggregate amount of $716,913.05 in connection with the Firm's representation of the Debtors. The Firm is current as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payment to the Firm will be credited to the Debtors and utilized as the Firm's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code. The Firm is not a creditor of the Debtors.

7. There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as such compensation may be shared among the partners, of counsel, and associates of the Firm.

8. Subject to the approval of the Court under applicable provisions of the Bankruptcy Code, the Debtors propose to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm for its expenses according to its customary reimbursement policies. The attorneys and paralegal currently expected to be principally responsible for this matter, and their respective current hourly rates for calendar year 2023, are as follows: <u>Attorneys</u>, Jeffrey N. Pomerantz ($1,595), Maxim B. Litvak ($1,445), Jordan A. Kroop ($1,350), Cia H. Mackle ($925), Steven W. Golden ($895), and Benjamin L. Wallen ($895); and <u>Paralegals</u>, Beth D Dassa ($545) and Kerri L. LaBrada ($545). The current standard hourly rates of other Firm professionals who may assist with these Chapter 11 Cases from time to time are:

| PROFESSIONAL | RATE |
|---|---|
| Partners | $895.00 to $1,995.00 |
| Of Counsel | $875.00 to $1,525.00 |
| Associates | $725.00 to $895.00 |
| Paraprofessionals | $425.00 to $595.00 |

9. These rates are subject to generally applicable increases as put into effect from time to time by the Firm. The Firm will provide reasonable notice to the Debtors and the U.S. Trustee of any increases of the Firm's hourly rates, as set forth in the Order approving the Application.

10. The rates charged by the Firm are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is the Firm's policy to charge for all other expenses incurred in connection with the clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other Firm clients.

11. The Firm categorizes its billing into subject matter categories in representations of this kind. The Firm understands that its compensation in these Chapter 11 Cases is subject to approval of this Court, in accordance with sections 327(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and any further Orders of the Court as an expense of administration pursuant to sections 507(b) and 503(b) of the Bankruptcy Code. The Firm may seek interim

compensation during these Chapter 11 Cases as permitted by section 331 of the Bankruptcy Code or pursuant to further Orders of this Court.

12. The Firm has made the following investigation of its connections prior to submitting this Declaration. The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties in interest in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.

13. The Firm has run the following parties, among others, through its conflict system (the "Potential Parties-in-Interest"): (i) the Debtors, (ii) non-Debtor affiliates, (iii) current and former directors and officers of the Debtors, (iv) secured creditors, (v) lenders, (vi) ordinary course professionals, (vii) the Debtors' and other known parties' professionals, (viii) the Debtors' top 30 unsecured creditors , (ix) litigation parties; and (x) Judges and the United States Trustee for the Southern District of Texas and persons employed in the office of the United States Trustee, (xi) and other parties. The Firm's investigation has not revealed any actual or potential conflicts of interest with respect to the Firm's proposed representation of the Debtors. A list of the Potential Parties-in-Interest is attached hereto as **Schedule 1**.

14. Based on the Firm's ongoing conflict check as described above, the Firm is presently not aware of any adverse interest or other connection with the Debtors, their creditors, the U.S. Trustee or any party-in-interest herein in the matters upon which the Firm is to be retained.

Upon further and continuing review of lists of all creditors and interested parties, the Firm will make any further disclosures as may be appropriate.

15. The Debtors intend to retain various professionals during the pendency of these Chapter 11 Cases, including FTI Consulting, Inc., Kurtzman Carson Consultants, LLC and Piper Sandler & Co. The Firm has previously worked with, and will continue to work with, these referenced professionals, and others, on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

16. The Firm represented, represents, and in the future will likely represent committees whose members may be creditors in the Debtors' Chapter 11 Cases. However, the Firm is not representing any of those entities in these Chapter 11 Cases and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtors. I do not believe any such representation presents a disqualifying conflict because my firm is not counsel to any such creditors; instead, in those matters it represents the applicable committees as a whole.

17. The Firm and certain of its partners, of counsel, and associates may have in the past represented, and may currently represent and likely in the future will represent, creditors of the Debtors in connection with matters unrelated to the Debtors and these Chapter 11 Cases. Additionally, the Firm represented, represents, and in the future will likely represent, in matters wholly unrelated to these Cases, potential parties in interest that may be interested in acquiring all or a portion of the Debtors' assets in these Cases. For the avoidance of doubt, the Firm does not and will not represent any such parties in interest in these Chapter 11 Cases.

18. Given the large number of Parties-in-Interest in these Chapter 11 Cases and because the information on **Schedule 1** may change during the pendency of these Chapter 11 Cases, the Firm is not able conclusively to identify all relationships or potential relationships with all creditors or other Parties-in-Interest in these Chapter 11 Cases. If any additional relationships are discovered, the Firm will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a). Additionally, if any new relevant facts or relationships arise, the Firm will use reasonable efforts to identify such developments and promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

19. In an abundance of caution, the Firm discloses that approximately three affiliates of Marlin Equity Partners ("Marlin") are lenders to the Debtors and an affiliate of Marlin is the ultimate majority owner of the equity interests in the non-Debtor owners of the membership interests in Debtor SL Midco 1, LLC, the parent-level entity for all the Debtors. PSZJ has in years past represented Marlin affiliates and portfolio companies in matters entirely unrelated to the Debtors or these Chapter 11 cases. None of those representations have been active in the five years immediately preceding the Petition Date.

20. The Firm is not a creditor or an insider of the Debtors.

21. Neither the Firm, nor any associate, of counsel, or partner of the Firm, is or was, within two years before the date of the filing of the chapter 11 petition, an employee of the Debtors.

22. Neither the Firm, nor any associate, of counsel, or partner of the Firm, has an interest materially adverse to the interests of the Debtors, their estates, or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

23. To the best of my knowledge, except as disclosed herein, no attorney at the Firm has any connection with the Debtors, creditors, any other party-in-interest, their respective attorneys and accountants, any bankruptcy judge or district court judge in the Southern District of Texas, the United States Trustee for Region 7, any person employed in the Office of the United States Trustee for Region 7, or any insider of the Debtors except as described above.

24. Accordingly, I believe the Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

25. Each attorney at the Firm is familiar with the Bankruptcy Code and Bankruptcy Rules and will use their best efforts to comply with them.

26. To the best of my knowledge, after conducting or supervising the investigation described above, I believe that the Firm is eligible for employment by the Debtors pursuant to Bankruptcy Code section 327(a).

27. The Firm provides the following responses to the questions set forth in Part D of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases (the "<u>Revised UST Guidelines</u>"):

| Question: | Answer: | Further explanation: |
| --- | --- | --- |
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |

8

| Question: | Answer: | Further explanation: |
|---|---|---|
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | The material financial terms for the prepetition engagement remained the same as the engagement was hourly-based.<br><br>The billing rates and material financial terms for the postpetition period remain the same as the prepetition period.<br><br>The standard hourly rates of the Firm are subject to periodic adjustment in accordance with the Firm's practice. | None. |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | The Debtors and the Firm have discussed an anticipated budget for these Chapter 11 Cases. | The Firm's anticipated budget is reflected in any Budget with respect to the Debtors' debtor in possession financing. *See* Docket Nos. 4 and 36. The Debtors and the Firm reserve all rights to seek approval of the Debtors' professional fees. |

Dated:   June 12, 2023

/s/ *Jeffrey N. Pomerantz*
Jeffrey N. Pomerantz

9

1

**Schedule 1**

**(Potential Parties-in-Interest)**

| Category | Parties-in-Interest |
|---|---|
| Equity Holders | Marlin SL Topco, LP |
| | Marlin LO Holdings, LP |
| | Marlin Heritage, LP |
| | Marlin Heritage II, LP |
| U.S. Trustee Personnel, Judges & Court Contacts (& Key Staff Members) | Albert Alonzo |
| | Alicia McCullar |
| | Ana Castro |
| | Aubrey Thomas |
| | Barbara Griffin |
| | Chief Judge David R. Jones |
| | Christy Simmons |
| | Clarissa Waxton |
| | Darlene Hansen |
| | David J. Bradley |
| | Eduardo V. Rodriguez |
| | Glenn Otto |
| | Gwen Smith |
| | Hector Duran |
| | Henry G. Hobbs, Jr. |
| | Jacqueline Boykin |
| | Jana Whitworth |
| | Jayson B. Ruff |
| | Jeannie Andresen |
| | Jeannie Chavez |
| | Judge Christopher M. Lopez |
| | Judge Eduardo V. Rodriguez |
| | Judge Jeffrey P. Norman |
| | Judge Marvin Isgur |
| | Kimberly Picota |
| | Linda Motton |
| | LinhThu Do |
| | Luci Johnson-Davis |
| | Mario Rios |
| | Nathan Ochsner |
| | Patricia Schmidt |
| | Rosario Saldana |
| | Southern District of Texas |
| | Stephen Statham |
| | Tracey Conrad |
| | Tyler Laws |
| | Vriana Portillo |
| Bankruptcy Professionals | Pachulski Stang Ziehl & Jones LLP |
| | Kurtzman Carson Consultants (KCC) LLC |
| | FTI Consulting, Inc. |
| | Piper Sandler & Co. |

| | |
|---|---|
| Banks/Lender/UCC Lien Parties/Administrative Agents | Silicon Valley Bank<br>First Citizens Bank<br>Bank of America<br>Cliffwater<br>Columbia Lake Partners Growth Lending I (LUXCO) S.A.R.L.<br>Employment Development Department<br>SVB Innovation Credit Fund VIII, L.P.<br>Technology Finance Corporation<br>Dell Financial Services LLC<br>De Lage Landen Financial Services, Inc.<br>Marlin LO Holdings LP<br>Hewlett-Packard Financial Services Company |
| Competitors | Talkdesk<br>Five9 Inc. |
| Current Board of Directors | Greg Ruffini<br>Ryan Wald |
| Current Officers | Marc Bilbao<br>Michael Yoshimura |
| Insurance Providers/Insurance Brokers | Lockton Companies LLC<br>CNA Insurance<br>IPFS Insurance<br>Valley Forge Insurance Company<br>Continental Insurance Company<br>AXA XL<br>Westchester Fire Insurance Co.<br>Endurance American Specialty Insurance Company |
| Parties to Litigation | Lockton Companies LLC<br>IPFS Insurance<br>Valley Forge Insurance Company |
| Top 30 Unsecured Creditors | Logitech International, S.A.<br>Meritech Capital Lifesize LLC<br>Redpoint Omega II, LP<br>SH Lifesize, LLC<br>Craig Malloy<br>Silicon Valley Bank<br>Escalate Capital Partners SBIC III, LP<br>Calabrio, Inc<br>Tippet Lifesize, LLC<br>Oracle America, Inc.<br>Persistent Systems Limited<br>Blue Jeans Network, Inc.<br>Benchmark Electronics (M) SDN BHD<br>Twilio Inc.<br>Michael Helmbrecht |

|  | Appsmart Agent Services, Inc. <br> Radianz Americas Inc. <br> Tom Cameron <br> Clayton Reed <br> Focus Services LLC <br> InsightSoftware, LLC <br> BCM Advanced Research <br> Bobby Beckmann <br> ValueLabs Inc <br> Enoch Kever PLLC <br> Redpoint Omega Associates II, LLC <br> Brandywine Realty Trust <br> Farnam Street Financial, Inc. |
|---|---|
| Debtors | LifeSize, Inc. <br> SL Midco 1, LLC <br> SL Midco 2, LLC <br> Serenova, LLC <br> Telstrat, LLC <br> LO Platform Midco, Inc. <br> Serenova WFM, Inc. <br> Light Blue Optics, Inc. |
| Former Names of Debtors | LiveOps Cloud Platform, LLC |
| Non-Debtors | Lifesize Technologies UK Ltd <br> Lifesize Italia SRL <br> LiveOps Cloud Platform Canada, Inc <br> Lifesize India Pvt. Ltd. <br> Lifesize France SARL <br> LiveOps UK LTD. <br> Lifesize GmbH <br> Loxysoft WFM AB <br> LiveOps New Zealand Ltd. (NZ) <br> Lifesize Japan K.K. <br> Lifesize Australia PTY. LTD. <br> Lifesize Singapore Pte. Ltd <br> Lifesize India Pvt. Ltd. |
| Other Parties | Enghouse Systems Ltd <br> Enghouse Interactive, Inc. |
| Governmental Units | Federal Communications Commission |
| Major Benefits Administrators or Additional Third-Party Administrators | Automatic Data Processing, Inc. (ADP) <br> Avalara <br> Celeritas Business Solutions LLP |

4