IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

|  |  |
|---|---|
| In re:<br><br>LIFESIZE, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-50038 (DRJ)<br><br>(Jointly Administered) |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPESNES FOR PROFESSIONALS**

(Related to Docket No. _____)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. All Professionals in these cases may seek compensation in accordance with the following procedures (the "Compensation Procedures"):

    a. On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking compensation may file a fee statement with the Court (each, a "Monthly Fee Statement") to effect notice on each of the following parties: (a)the Debtors, Attn: Marc Bilbao, co-CRO (marc.bilbao@fticonsulting.com); (b) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 440 Louisiana Street, Suite 900, Houston, TX 77002, Attn: Jeffrey N. Pomerantz (jpomerantz@pszjlaw.com), Jordan A. Kroop (jkroop@pszjlaw.com), and Benjamin L. Wallen (bwallen@pszjlaw.com); (c) counsel for the DIP Lender, (i) Morrison & Foerster LLP, (A) 200 Clarendon St., Floor 21, Boston, MA 02116, Attn: Alexander Rheaume, Esq. (arheaume@mofo.com), and (B) 250 West 55th Street, Floor 20, New York, NY 10019, Attn: Seth J. Kleinman, Esq. (skleinman@mofo.com) and Miranda K. Russell, Esq. (mrussell@mofo.com) and (ii) Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, TX 77010, Attn: Bruce Ruzinsky (bruzinsky@jw.com) and Matthew Cavenaugh (Mcavenaugh@jw.com); (d) counsel to the Official Committee of Unsecured Creditors, McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, TX 75201, Attn: Charles Gibbs, Esq. (crbiggs@mwe.com), Marcus Helt, Esq. (mhelt@mwe.com), and Jane Gerber, Esq. (jagerber@mwe.com); and (e) the U.S. Trustee, 615 E. Houston Street, Suite 533 San Antonio, TX 78205, Attn: Aubrey Thomas (Aubrey.Thomas@usdoj.gov) (collectively, the "Application Recipients").

    b. Each Application Recipient or any other party in interest will have until 4:00 p.m. (Central Time) on the day that is 21 days after the filing of a Monthly Fee Statement (the "Objection Deadline") to object to the requested fees and expenses in accordance with subparagraph c. below (an "Objection"). Upon the expiration of the Objection Deadline, the Debtors (or other party retaining such Professional, as applicable) are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an Objection (the "Actual Monthly Payment").

    c. Any party with an Objection must, on or before the Objection Deadline, serve via email a written notice upon the respective Professional and each of the Application Recipients (the "Notice of Objection to Monthly Fee Statement") setting forth the precise nature and basis of the objection and the amount at issue. Thereafter, the objecting party and the Professional must attempt to resolve the objection consensually. If the parties reach

an agreement, the Debtors may promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to resolve the Objection within 14 days (or such longer period as mutually agreed to by the Professional and the objecting party) after service of the Notice of Objection to Monthly Fee Statement, the objecting party must file its Objection with the Court within three business days and serve the Objection on the respective Professional and each of the Application Recipients. Thereafter, such Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application or a Final Fee Application (each as defined herein), when the parties may request the Court to consider the Objection.

d. Each Professional may submit its first Monthly Fee Statement on or after June 5, 2023. The first Monthly Fee Statement will cover the period from the Petition Date through May 31, 2023. Thereafter, the Professionals may submit Monthly Fee Statements in the manner described above.

e. Beginning with the period ending on August 31, 2023, and at three-month intervals thereafter (each, an "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Application Recipients an interim fee application (each, an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such Interim Fee Period. Each Interim Fee Application must consist of (i) the Complex Case Fee Application Coversheet, the form of which is located on the Court's website, (ii) a copy of the invoices for the interim application period (if hourly) or a calculation of the fee due for the interim application period if non-hourly), (iii) an itemized list of expenses for which reimbursement is requested (if not contained in the copies of the invoices), and (iv) a proposed order in the form located on the Court's website. Parties will have 21 days after service of an Interim Fee Application to object thereto. The first Interim Fee Application covers the Interim Fee Period from the Petition Date through and including August 31, 2023.

f. The Court may approve an uncontested Interim Fee Application without the need for a hearing if no objections are timely filed. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors may promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

g. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

h.  Neither (i) the payment of, or the failure to pay, in whole or in part, monthly or interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection binds any party in interest or the Court

3

with respect to the interim or final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

2. In each Interim Fee Application and Final Fee Application, all Professionals who have been, or are hereafter, retained pursuant to sections 327(a) or 1103 of the Bankruptcy Code (the "Required Professionals") shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of this Court, both in connection with any Interim Fee Application and any Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

3. Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to counsel for the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

4. The Professionals shall only be required to serve (a) the Monthly Fee Statements and the Interim Fee Applications on the Application Recipients and (b) notice of hearings on the Interim Fee Applications on all other parties that have filed a notice of appearance with this Court and requested notice of pleadings in these chapter 11 cases.

5. A Professional shall not seek payment in a Final Fee Application for any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application if (a) such Professional voluntarily waived or reduced such amounts to resolve formal or informal objections or (b) such amounts were disallowed by order of this Court.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE