IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

|  |  |
|---|---|
| In re:<br><br>LIFESIZE, INC. *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-50038 (DRJ)<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR AUTHORITY TO (I) EMPLOY AND RETAIN FTI CONSULTING, INC., (II) DESIGNATE MARC BILBAO AND MICHAEL YOSHIMURA TO SERVE AS CO-CHIEF RESTRUCTURING OFFICERS, AND (III) PROVIDE ADDITIONAL PERSONNEL FOR DEBTORS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV WITHIN 21 DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN 21 DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this application (this "Application"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto, authorizing the Debtors to (i) employ and retain FTI Consulting, Inc. ("FTI") to provide the Debtors with Co-Chief Restructuring Officers ("Co-CROs") as well as additional supportive

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041.

staff to assist the CRO ("Temporary Staff") and (ii) designate Marc Bilbao ("Mr. Bilbao") and Michael Yoshimura ("Mr. Yoshimura") as the Debtors' Co-CROs (and together with the Temporary Staff, the "FTI Professionals") pursuant to the terms of the Engagement Letter dated as of April 11, 2023 (as amended by letter dated as of May 15, 2023) (the "Engagement Letter").[2] In support of this application, the Debtors rely upon the declarations of Mr. Bilbao (the "Bilbao Declaration") and Mr. Yoshimura (the "Yoshimura Declaration"), copies of which are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter under 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper under 28 U.S.C. § 1408.

4. The bases for the relief requested herein are sections 327(a), 328(a), and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures").

---

[2] The engagement letters dated April 11, 2023 and May 15, 2023 are attached collectively hereto as Schedule 3 to the Bilbao Declaration.

2

## BACKGROUND

5. On May 16, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On May 17, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases under Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. Docket No. 20.  The Debtors are operating their businesses and managing their property as debtors in possession under Bankruptcy Code §§ 1107(a) and 1108. No trustee or examiner has been appointed in these chapter 11 cases.

6. On June 5, 2023, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"), which comprises the following six members: (i) Calabrio, Inc.; (ii) Shareholders Representative Services LLC; (iii) Craig Malloy; (iv) Michael Helmbrecht; (v) Thomas Cameron; and (vi) Clayton Reed.  See Docket Nos. 89 and 93.

7. Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Marc Bilbao in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13] (the "First Day Declaration").[3]

## FTI'S QUALIFICATIONS

8. The Debtors understand that FTI has a wealth of experience in providing interim management services and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors throughout the United States.

9. FTI professionals have provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to the

---

[3] Capitalized terms used but not defined below will have the meanings ascribed to them in the First Day Declaration.

3

Debtors' chapter 11 cases. FTI has provided financial and/or crisis management services in numerous large cases in this district. *See, e.g., In re Mountain Express Oil Company*, *et al.*, Case No. 23-90147 (Bankr. S.D. Tex.); *In re Diamond Sports Group*, Case No. 23-90116 (Bankr. S.D. Tex.); *In re IEH Auto Parts Holding LLC, et al.*, Case No. 23-90054 (Bankr. S.D. Tex.); *In re HONX, Inc.*, No. 22-90035 (Bankr. S.D. Tex.); *Party City Holdco, Inc.*, Case No. 23-90005 (Bankr. S.D. Tex.); *In re Entrust Energy, Inc.*, No. 21-31070 (Bankr. S.D. Tex.); *In re Pipeline Health System, LLC*, Case No. 22-90291 (Bankr. S.D. Tex.); *In re GWG Holdings, Inc.*, Case No. 22-90032 (Bankr. S.D. Tex.); *In re Serta Simmons Bedding, LLC*, Case No. 23-90020 (Bankr. S.D. Tex.); *In re Sungard Availability Services Ltd.*, Case No. 22-90026 (Bankr. S.D. Tex.); *In re Cineworld Group PLC*, Case No. 22-90168 (Bankr. S.D. Tex.); *In re Talen Energy Supply*, Case No. 22-90054 (Bankr. S.D. Tex.); *In re Brazos Electric Power Cooperative, Inc.*, Case No. 21-30725 (Bankr. S.D. Tex.); *In re SpeedCast International Limited*, Case No. 20-32243 (Bankr. S.D. Tex.); and *In re Neighbors Legacy Holdings, Inc.*, Case No. 18-33836 (Bankr. S.D. Tex.).

10. Mr. Bilbao, a Senior Managing Director of FTI and proposed Co-CRO for the Debtors, has extensive experience which includes advising companies, creditors, shareholders and other interested parties on restructuring transactions both in Chapter 11 and in non-bankruptcy driven resolutions. He has industry expertise in commercial products, general industrial, financial services, healthcare, manufacturing and retail, among other areas. Mr. Bilbao has over 25 years of experience in restructuring. Mr. Bilbao also co-leads FTI's West Region. Mr. Bilbao joined FTI from Imperial Capital, where he had been Co-Head of the Restructuring Group. Prior to that, Mr. Bilbao was a Managing Director in the Los Angeles office of Giuliani Capital Advisors and was a member of Giuliani Capital's Board of Managers and its Commitment Committee. Prior to

joining Giuliani Capital, Mr. Bilbao served as Executive Director in the Debt Restructuring and Workout Group of CIBC World Markets in New York.

11. Examples of Mr. Bilbao's experience include leading engagements where he has represented companies and creditors in formal and informal restructurings and advising clients, including companies and creditors, on structuring, negotiating, and refinancing various forms of debt and equity. In addition, he has valued and sold companies in and outside of Chapter 11, advised acquirers of such companies, and identified, analyzed, and recommended strategic and financial alternatives. Mr. Bilbao has extensive experience leading Debtor clients through Chapter 11 cases and 363 asset sale processes.

12. A representative list of Mr. Bilbao's client experience includes Hytera Communications, National Stores, Bertucci's Holdings, Inc., A.M. Castle & Co., Sonifi Solutions, Zelenka Farms, American Suzuki Motor Corp, Contessa Foods, AFA Foods, Specialty Trust, Real Mex Restaurants, Solyndra, Inc., Aloha Airlines, and Fairfield Residential.

13. Mr. Yoshimura, a Senior Director of FTI and proposed Co-CRO, provides strategic, operational, and restructuring advisory services to organizations in both distressed and non-distressed situations. Mr. Yoshimura has significant experience managing formal bankruptcy proceedings as well as assisting organizations in a range of industries, including: software, media & entertainment, healthcare, retail, and financial services. Mr. Yoshimura is skilled in financial modeling and data analysis to help clients solve operational and liquidity challenges. Examples of Mr. Yoshimura's experience includes advising a private equity sponsored, retail chain with $2.5 billion of annual sales on the development of an operating cash flow model and liquidity forecast. He worked closely with the company's Treasurer and Director of Financial Planning & Analysis to develop and refine forecasting assumptions, and he assisted the CFO in various scenario

analyses used to help consummate a restructuring transaction of the business. Mr. Yoshimura advised a group of lenders to a large, multinational entertainment company based in Latin America. He completed a review of the Company's three-statement model and adapted the model to run sensitivity scenarios based on business assumptions. Additionally, Mr. Yoshimura developed an operating cash flow model and liquidity forecasts for a large healthcare provider group, working closely with the finance and accounting teams to refine collection and disbursement assumptions.

14. A representative list of Mr. Yoshimura's formal restructuring experiences includes: Avianca Airlines, Eagle Hospitality Trust, Fresh & Easy, Open Road Films, and Corinthian Colleges, engaged in such tasks as managing the day-to-day operational impacts of bankruptcy on finance and accounting departments and leading the development and preparation of bankruptcy schedules and statements and monthly operating reports.

15. The FTI Professionals who will work on this matter have substantial expertise in the areas discussed above, and, if approved, will provide services to the Debtors in accordance with the Engagement Letter and applicable orders of the Court. The FTI Professionals will work closely with the Debtors' management and professionals throughout the reorganization process. By virtue of the expertise of its restructuring personnel, FTI is well qualified to provide services to and represent the Debtors' interests in these chapter 11 cases.

16. The Debtors seek the retention of FTI because of FTI's experience and reputation for providing restructuring services in connection with large chapter 11 cases. Furthermore, FTI performed significant prepetition work for the Debtors and, as a result, has acquired knowledge of the Debtors and their businesses and familiarity with the Debtors' financial affairs, capital structure, operations, and related matters. Likewise, in providing prepetition services to the

Debtors, FTI's professionals have worked closely with the Debtors' management and their other advisors. Accordingly, FTI has experience, expertise, and specifically relevant knowledge regarding the Debtors that will assist it in providing effective and efficient services in these chapter 11 cases. The Debtors submit that the designation of Mr. Bilbao and Mr. Yoshimura as Co-CROs and the retention of FTI on the terms and conditions set forth herein are necessary and appropriate, in the best interests of the Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

## SERVICES TO BE RENDERED

17. FTI entered into the Engagement Letter with the Debtors to provide chief restructuring officer services to the Debtors in connection with potential chapter 11 cases and to assist the Debtors in their restructuring. Under the Engagement Letter, Mr. Bilbao and Mr. Yoshimura will serve as the Debtors' Co-CROs, reporting directly to the Board of Directors of the Debtors (the "Board") as well as to provide additional personnel to assist the Debtors in their restructuring. Generally, the Co-CROs and FTI will perform activities and services to assist the Debtors throughout the Debtors' chapter 11 process. Working collaboratively with the Debtors' senior management team, CEO, and other professionals, Mr. Bilbao and Mr. Yoshimura will assist the Debtors in evaluating and implementing strategic and tactical options through the restructuring process. In addition to the ordinary course duties of a CRO, FTI Professionals may provide the following services:

- Assist with preparation of voluntary petitions and exhibits for each entity that may commence a case under chapter 11 of the Bankruptcy Code;

- Prepare internal employee communications;

- Assist with preparation of 2nd day motions;

- Develop the Debtors' matrix of creditors;

7

- Negotiate with critical vendors to help maintain business continuity;

- Respond to data requests from interested parties;

- Assist the Debtors in the development or refinement of a 13/26-week cash flow forecast and any associated debtor-in-possession financing forecast;

- Provide the Debtors with strategic communication services in connection with the overall restructuring;

- Advise the Debtors in other post-filing operational activities including accounting cut-off and payment controls among others;

- Assist with development of monthly operating reports and any other necessary financial disclosures required in connection with any chapter 11 cases for the Debtors;

- Identify accounting system capabilities for pre/post filing cut off and on-going implementation of cut-off processes;

- Prepare Statements of Financial Affairs and Schedules of Assets and Liabilities for each Debtor;

- Develop and monitor claims data base including analysis of claims for accuracy, entity and classification;

- Assist with the development of emergence accounting protocols and statement;

- Prepare external communications and press releases as they relate to the Bankruptcy Case;

- Assist the Debtors' ongoing asset sales/ investment process

18.  In addition to the scope of work detailed above, FTI is available to assist in all aspects of a restructuring including the development or substantial update of the long-term business plan, should the Company request these services of FTI.

**NO DUPLICATION OF SERVICES**

19.  The services provided by Mr. Bilbao, Mr. Yoshimura and FTI will complement, not duplicate, the services to be rendered by any other professional retained in these chapter 11 cases.

**TERMS OF RETENTION**

20.     FTI's decision to accept this engagement is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices, as set forth in the Engagement Letter.

21.     Under Bankruptcy Code sections 327(a) and 328(a), the Debtors may retain FTI on reasonable term and conditions. The terms and conditions set forth in the Engagement Letter, which are similar to the terms and conditions FTI offers to similar clients for similar services, are reasonable.

22.     FTI will be compensated for its services to the Debtors based on the Engagement Letter, which provides that FTI's services described above, including the services of Marc Bilbao and Michael Yoshimura as co-CROs, will be compensated on a post-petition basis at a flat monthly fee of $250,000, as more fully set forth in the Engagement Letter. Any other services, including any testimony at court hearings as described below and in the Engagement Letter, will be charged at FTI's current standard hourly rates, which are as follows:

| Title | Hourly Rate |
| --- | --- |
| Senior Managing Directors | $1,125 - $1,495 |
| Directors / Senior Directors / Managing Directors | $835 - $1,055 |
| Consultants/Senior Consultants | $475 - $750 |
| Administrative / Paraprofessionals | $175 - $325 |

23.     In addition to the fees outlined above, FTI will bill for reasonable, documented, out-of-pocket, direct expenses which are likely to be incurred on your behalf during this Engagement. Direct expenses include reasonable and customary out-of-pocket expenses which are

9

billed directly to the engagement such as internet access, telephone, overnight mail, messenger, client approved travel, meals, accommodations and other expenses specifically related to this engagement.

24.     Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to this matter, FTI will be compensated at its regular hourly rates and reimbursed for reasonable allocated and direct expenses (including counsel fees) with respect thereto.

25.     The foregoing fee and expense structure, as more fully set forth in the Engagement Letter (the "Fee and Expense Structure"), is consistent with and typical of compensation arrangements entered into by FTI and other comparable firms that render similar services under similar circumstances. The Debtors believe that the Fee and Expense Structure is reasonable, market-based, and designed to compensate FTI fairly for its work and to cover fixed and routine overhead expenses.

26.     To the extent FTI uses the services of independent contractors (the "Contractors") in these chapter 11 cases, FTI will: (a) pass through the cost of such Contractors to the Debtors at the same rate that FTI pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for FTI; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

27.     To the extent FTI requires the services of its international divisions or personnel from specialized practices, the standard hourly rates for that international division or specialized practice will apply.

28. FTI will submit monthly invoices to the Debtors, and the Debtors request authority to pay, in the ordinary course of business, all reasonable amounts invoiced by FTI for fees and expenses.

29. The Debtors understand that FTI intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases consistent with the Fee and Expense Structure, subject to this Court's approval and in compliance with Bankruptcy Code section 328, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of this Court.

30. FTI, as well as Mr. Bilbao and Mr. Yoshimura, will also maintain records in support of any fees, costs, and expenses incurred in connection with services rendered in these chapter 11 cases. Hourly rate services will be kept in $1/10^{th}$ of an hour increments, while services provided at a fixed monthly fee will be kept in one-half (1/2) hour time increments. Records will be arranged by category and nature of the services rendered and will include reasonably detailed descriptions of those services provided on behalf of the Debtors. FTI's applications for compensation of fees and reimbursement of expenses will be paid by the Debtors under the terms of the Engagement Letter and any procedures established by this Court.

31. To the best of the Debtors' knowledge, there is no agreement or understanding between FTI and any nonaffiliated person or entity for sharing compensation received, or to be received, for services rendered in connection with the Debtors' chapter 11 cases. The Fee and Expense Structure is consistent with and typical of compensation arrangements entered into by FTI and other comparable firms that render similar services under similar circumstances. The Fee and Expense Structure is reasonable, market based, and designed to compensate FTI fairly for its

work and to cover fixed and routine overhead expenses. Thus, the Fee and Expense Structure is fair and reasonable under the standards set forth in Bankruptcy Code section 328(a).

32. Pursuant to the Engagement Letter, FTI received a retainer in the total amount of $50,000 from the Debtors on March 6, 2023 (the "Retainer"). According to FTI's books and records, during the 90 days before the Petition Date, the Debtors paid FTI $667,913.00, inclusive of the retainer payment, in the aggregate for professional services performed and expenses incurred, including the Retainer and advanced payments. The Debtors do not owe FTI any sums for prepetition services.

## FTI'S DISINTERESTEDNESS

33. To the best of the Debtors' knowledge, information, and belief, and except to the extent disclosed herein and in the Bilbao Declaration, FTI (a) is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), (b) has no connection with the Debtors, their creditors, or other parties in interest, or the attorneys or accountants of the foregoing, or the U.S. Trustee or any person employed by the U.S. Trustee; and (c) does not hold any interest adverse to the Debtors' estates.

34. As set forth in further detail in the Bilbao Declaration and Yoshimura Declaration, FTI has certain connections with creditors, equity security holders, and other parties-in-interest in these chapter 11 cases. All of these matters, however, are unrelated to these chapter 11 cases. FTI does not believe that any of these matters represent an interest materially adverse to the Debtors' estates or otherwise create a conflict of interest regarding the Debtors or these chapter 11 cases.

35. To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of FTI's retention are discovered or arise, Debtors are advised that FTI will use reasonable efforts to promptly file a supplemental declaration.

**INDEMNIFICATION**

36.     The Engagement Letter contains standard indemnification language with respect to FTI's services including, without limitation, an agreement by the Debtors to indemnify FTI and its affiliates, partners, directors, officers, employees and agents, as well as Mr. Bilbao and Mr. Yoshimura (each, an "<u>FTI Party</u>") from and against all claims, liabilities, losses, expenses, and damages arising out of or in connection with the engagement of FTI that is the subject of the Engagement Letter, except to the extent caused by gross negligence, willful misconduct, or fraud of any FTI Party.

37.     The indemnification provisions contained in the Engagement Letter (the "<u>Indemnification Provisions</u>") are customary and reasonable for FTI and comparable firms providing financial advisory services. The terms and conditions of the Indemnification Provisions were negotiated by the Debtors and FTI at arm's length and in good faith. The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of FTI's proposed retention, are reasonable and in the best interest of the Debtors, their estates, and creditors in light of the fact that the Debtors require FTI's services to successfully reorganize.

38.     Notwithstanding the foregoing, FTI understands that the Indemnification Provisions will apply only to such FTI employees not serving in executive officer positions and that the indemnification of any persons serving as executive officers will be on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers insurance policy. The indemnification terms herein supersede and replace any provision of the Engagement Letter related to the indemnification of any executive officers including, but not limited to, the applicable provisions of Section 6 of the Standard Terms and Conditions of the Engagement Letter.

39. The Debtors request that with respect to any persons not serving in executive officer positions, this Court approve the Indemnification Provisions as set forth in the Engagement Letter.

**BASIS FOR RELIEF**

40. In consideration of the size and complexity of their businesses, the Debtors seek to engage FTI to provide Mr. Bilbao and Mr. Yoshimura to serve as the Debtors' Co-CROs and to provide the FTI Professionals, effective as of the Petition Date, under Bankruptcy Code section 327(a), which provides that a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtor] in carrying out the [Debtor's] duties under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

41. The Debtors seek approval of the Fee and Expense Structure and the Engagement Letter under Bankruptcy Code section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328 of the Bankruptcy Code permits the compensation of professionals, including consultants, on flexible terms that reflect the nature of their services and market conditions. As the United States Court of Appeals for the Fifth Circuit recognized in *In re Nat'l Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

123 F.3d at 862 (footnote omitted).

42. Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other Party-in-Interest , their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

43. The Fee and Expense Structure in the Engagement Letter set forth reasonable terms and conditions of employment and should be approved under Bankruptcy Code section 328(a). The Fee and Expense Structure adequately reflects: (a) the nature of the services to be provided by FTI; and (b) fee and expense structures and indemnification provisions typically utilized by FTI and other leading financial advisory and consulting firms. In addition, FTI is "disinterested" and all of its fees and expenses are subject to approval of the Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and further orders of the Court.

44. The retention of FTI and the services of Mr. Bilbao and Mr. Yoshimura as Co-CROs are in the best interests of the Debtors and their estates and is a sound exercise of the Debtors' business judgment. As set forth above, both Mr. Bilbao and Mr. Yoshimura have extensive experience working with many companies undertaking restructuring efforts, and the FTI Professionals are well qualified and equipped to assist the Debtors. In providing prepetition

services to the Debtors, FTI gained experience, expertise, and specifically relevant knowledge regarding the Debtors' business that will assist it in providing effective and efficient services in these chapter 11 cases. Accordingly, the retention of FTI on the terms set forth herein and in the Engagement Letter is in the best interests of all parties in interest in these chapter 11 cases.

45. This Application is filed within 30 days of the Petition Date and, under Bankruptcy Local Rule 2014-1 and paragraph 47 of the Complex Case Procedures, the Application is deemed contemporaneous with the Petition Date and entitled to relief effective as of the Petition Date. *See* Local Bankr. R. 2014-1(b)(1) ("If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous."); Complex Case Procedures ¶ 47.

## NOTICE

46. Notice of the hearing on the relief requested in this Application will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances. The Debtors will provide notice to parties-in-interest, including on the Debtors' Master Service List.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: June 13, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
bwallen@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Cia H. Mackle (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
jpomerantz@pszjlaw.com
jkroop@pszjlaw.com
cmackle@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

### Certificate of Service

I certify that on June 13, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen

17