**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIFESIZE, INC., | ) | Case No. 23-50038 (DRJ) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**<u>LO PLATFORM MIDCO, INC. (CASE NO. 23-50043)</u>**

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041

## IN THE UNITED STATES BANKRUPTCYCOURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

```
------------------------------------------------------ x
In re                                                  :     Chapter 11
                                                       :
LIFESIZE, INC.,                                        :     Case No. 23-50038 (DRJ)
                                                       :
                         Debtors. 1                    :     (Jointly Administered)
                                                       :
------------------------------------------------------ x
```

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On May 16, 2023 (the "**Petition Date**"), Lifesize, Inc. and certain of its direct and indirect affiliates (collectively, "**Lifesize**", the "**Debtors**", or the "**Company**") filed voluntary petitions for reorganization (the "**Bankruptcy Filing**") under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas, Laredo Division (the "**Bankruptcy Court**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases (the "**Chapter 11 Cases**") are being administered under the caption "In re Lifesize, Inc.," Case Number 23-50038 (DRJ).

The Schedules of Assets and Liabilities (the "**Schedules**" or "**SOALs**") and Statements of Financial Affairs (the "**Statements**" or "**SOFAs**") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by members of the management of the Debtors in conjunction with their financial and legal advisors using unaudited information available as of the Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub- Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 W. Village Blvd., Laredo, TX 78041.

**THE SCHEDULES AND STATEMENTS AND THESE GLOBAL NOTES SHOULD NOT BE RELIED ON BY ANY PERSONS FOR INFORMATION RELATING TO CURRENT OR FUTURE FINANCIAL CONDITIONS, EVENTS, OR PERFORMANCE OF ANY OF THE DEBTORS.**

**Reservation of Rights**.  The Debtors' Chapter 11 Cases are large and complex.  The Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.  Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred.  Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate or complete. The Debtors reserve all rights to, but are not required to, amend or supplement the Schedules and Statements from time to time as is necessary and appropriate.

The Debtors have made reasonable efforts to characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly.  Further, certain affiliated companies of the Debtors did not file petitions in the Bankruptcy Court of this or any other jurisdiction in the United States (each individually a "**Non-Debtor**" or "**Non-Debtor Affiliate**"). The Debtors have made reasonable efforts to exclude all assets and liabilities of the Non-Debtor Affiliates in the Schedules and Statements.

Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available. In addition, certain items reported in the Schedules and Statements could be included in more than one category.  In those instances, one category has been chosen to avoid duplication. The designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.  For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E/F as "priority unsecured" or "nonpriority unsecured," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract. Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection.  The Debtors reserve their respective rights to dispute, or assert offsets, setoffs, or defenses to, any claim reflected on

the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, or unliquidated.

**Reporting Date**.  All asset information, except where otherwise noted, is provided as of the close of business on April 30, 2023.  All liability information, except where otherwise noted,  is presented as of the Petition Date.

**Basis of Presentation**.  The Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the Company. The information presented in the Schedules and Statements is unaudited and does not include all of the information and footnotes required by generally accepted accounting principles.   Management made reasonable efforts to ensure that the financial information is accurate and complete based on information that was available to them at the time of preparation.   Subsequent information or discovery may result in material changes to the information.  Notwithstanding any such discovery, new information, errors or omissions, the Debtors do not undertake any obligation or commitment to update

**Currency**.  All amounts are reflected in U.S. dollars, unless otherwise indicated.

**Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenue and expense.  Actual results could differ materially from these estimates. The Debtors reserve the right to amend the reported amounts of assets, liabilities, and expenses to reflect changes in those estimates or assumptions.

**Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed totals. Due to the numerous unliquidated, contingent, or disputed claims, summary statistics in the Schedules and Statements may materially understate the Debtor's liabilities.

**Undetermined or Unknown Amounts**.  The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount.  Certain amounts may be clarified during the Chapter 11 Cases and certain amounts may depend on contractual obligations to be assumed as part of a sale in a bankruptcy proceeding under section 363 of the Bankruptcy Code.

**Asset Presentation and Valuation**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all their assets.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date. These values do not purport to represent the ultimate value that would be received in the event of a sale and may not represent economic value as determined by an appraisal or other valuation technique. Certain other assets are listed at undetermined or unknown amounts, as the net book values may differ materially from fair market values or the

amounts ultimately realized. In addition, certain depreciable assets with a net book value of zero may be included for completeness. The Debtors do not intend to amend these Schedules and Statements to reflect actual values.

**Contingent Assets and Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any causes of action, avoidance actions, controversy, right of set-off, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and Non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, or indemnification arising from various (i) guarantees, (ii) indemnities, (iii) tax-sharing agreements, (iv) warranties, (v) operational and servicing agreements, (vi) shared service agreements, and (vii) other arrangements.

**Pledged Assets**.  A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors and may be outside of the Debtors' control, including, without limitation, in connection with the Debtors post-petition financing facility. Assets pledged as collateral include, among other things, cash, inventories, equipment, trademarks, equity interests in subsidiaries, and other related assets.

**Liabilities**.  Some of the scheduled liabilities are presently unknown, contingent, or unliquidated. In such cases, the amounts are listed as "Unknown" or "Undetermined." Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.

The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change.  The Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Excluded Assets and Liabilities**. The Debtors may have excluded from the Schedules certain of the following items: certain accrued liabilities, including, without limitation, accrued salaries, employee benefit accruals, and certain other accruals, capitalized interest, debt acquisition costs, goodwill, certain other assets, and deferred revenue and gains. Other non-material assets and liabilities may also have been excluded.

**Confidentiality**. The Bankruptcy Court directed the Debtors to redact certain personal information of individual creditors under the *Order (I) Implementing Complex Case Management and Related Hearing Procedures; (II) Authorizing the Debtors to File a Consolidated Creditor Matrix; (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information* [Docket No. 37]. Furthermore, individuals currently employed by the Debtors or who are contract workers of the Debtors may be listed in response to applicable questions in the Statements and Schedules with the corporate address of the Debtors. Notwithstanding, for individuals with redacted information in Schedules E/F, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

**Intercompany Transactions**. The Debtors do not maintain an intercompany matrix that details the intercompany payables and receivables due to and due from each of its Debtor and Non-Debtor Affiliates. It would be unduly burdensome and cost-prohibitive for the Debtors to determine intercompany claim amounts or receivable amounts for each of its Debtor and Non-Debtor Affiliates. Likewise, the Debtors have not included any intercompany amounts in response to SOAL AB11, AB77, EF2, or any other potentially applicable question.

**Bankruptcy Court First-Day Orders**. The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, Debtors' employee wages and compensation, insurance policy premiums, certain taxes, bank fees, and certain claims of shipping claimants and critical vendors. Accordingly, the scheduled claims are intended to reflect only sums due and owing before the Petition Date for which the Debtors did not obtain relief from the Bankruptcy Court to satisfy in whole or in part. The estimate of claims set forth in the Schedules, however, may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**Liens**. The inclusion on Schedule D of creditors that have asserted liens against the Debtors is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right, to the extent that the Debtors have not elsewhere waived this right, to challenge such liens and the underlying claims on any ground whatsoever. Reference to the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the

nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

**Leases**. In the ordinary course of their businesses, the Debtors lease facilities and equipment from certain third-party lessors for use in their daily operations. Any such leases are set forth in Schedule G, and the assets subject to these leases may be reflected in Schedule A/B with an "Undetermined" value. The properties subject to these leases are not reflected in the Statements as property or assets of third parties within the control of a Debtor. Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.

**Executory Contracts**. Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code. Exclusion of a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is or is not an executory contract, such lease is or is not an unexpired lease, or that either necessarily is or is not a binding, valid, and enforceable contract. The Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules as necessary or to change or otherwise challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have expired by their terms. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have not expired by their terms. Accordingly, the Debtors reserve all of their rights as to the legal status of all intellectual property rights.

**Setoff**. Prior to the Petition Date, and in the ordinary course of their businesses, the Debtors incurred setoffs in connection with, among other things, third-party transactions. Unless otherwise stated, certain setoffs that were incurred in the ordinary course or under customary practices are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules A/B, D or E/F. Nonetheless, some amounts listed may have been affected by

setoffs effectuated prior to the Petition Date of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff or recoupment rights that may be asserted.

**Guarantees and Other Secondary Liability Claims**.  The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees.  The Debtors have placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation.  Such Guarantees were also placed on Schedule D or E/F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G.  Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified.  In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

**Payments**.  The financial affairs and businesses of the Debtors are complex.  Before the Petition Date, the Debtors and certain of their Non-Debtor Affiliates participated in a consolidated cash management system. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system.  A description of the Debtors' prepetition cash management system is set forth in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Maintenance of Existing Bank Accounts; (II) Authorizing Continuance of Existing Cash Management System; (III) Authorizing Continued Performance of Intercompany Transactions and Funding; and (IV) Granting Related Relief* [Docket No. 8] (the "**Cash Management Motion**"). The Debtors have used their reasonable best effort to attribute each payment to the Debtor which incurred the expense, not the Debtor entity which made the payment.

**Insiders**.  For purposes of their responses to Statement Question Nos. 28 and 29, the Debtors have listed their respective officers and directors for each individual Debtor entity to the extent available based on current records.  For purposes of Statement Question No. 4, the Debtors have included cash payments to former executive officers and affiliates of equity owner Marlin-SL Topco, LP. Amounts paid to FTI Consulting, Inc. for the services of Marc Bilbao and Michael Yoshimura as Co-Chief Restructuring Officers are instead included on Statement Question 11. No known amounts have been paid to current or former directors during the reference period. Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual;  or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Signatory**.  The Schedules and Statements have been signed by Michael Yoshimura, in his capacity as Co-Chief Restructuring Officer of the Debtors.  In reviewing and signing the Schedules and Statements, he has necessarily relied upon the efforts, statements and representations of various of the Debtors' personnel and professionals.  He has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

**Limitation of Liability**.  The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

In addition to the foregoing, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

### Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- General.  Each Debtor's assets in Schedule A/B are listed at net book value based on the Debtors' reasonable best efforts as of the Petition Date unless otherwise noted and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.

- Checking, savings, money market, or financial brokerage accounts (AB3).  Amounts listed in response to this Schedules question are as of the Petition Date.

- Non-publicly traded stock (AB15).  Ownership interests in other Debtor subsidiaries and Non-Debtor Affiliates have been identified in AB15 in an undetermined amount because the fair market value of such ownership interest is dependent on numerous variables and factors that may cause their fair market value to differ materially from their net book value.

- Inventory (AB19 thru AB21). The Debtors do not physically maintain any of their own inventory.  Inventory is held in warehouses managed by third parties.  In certain instances, the Debtors may not have records of when the last physical inventory was completed at certain sites.  Out of abundance of caution, the Debtors have included the most recent physical inventory count for each of the warehouses where the information in available.

- <u>Office furniture, fixtures and equipment (AB38 thru AB45)</u>.  In the Debtors' books and records, office furniture and fixtures are included in one trial balance amount.  As such, in certain instances, the Debtors have not specifically reported office equipment by office furniture, office fixtures, and office equipment. After a reasonable effort, the Debtors have not been able to identify all collectibles, artwork, and other memorabilia; however, it is possible that inadvertent errors or omissions may have occurred, or that property of de minimis value is not included in response to this question.

**<u>Schedule D Notes</u>**.

- Creditors' claims on Schedule D arose, or were incurred, on various dates.  In certain instances, the date on which such claim arose may be an open issue of fact.

- Claims relating to the repayment of principal, interest and other fees and expenses under agreements governing any syndicated credit facility or debt security issued by or for the benefit of the Debtors pursuant to an indenture where the identities of the lenders or other parties in interest are not known with certainty are scheduled listing the administrative agent under the applicable credit facility or the indenture trustee on behalf of the lenders or other parties in interest.

- Except as otherwise agreed in accordance with any stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim scheduled on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or other entities.

- The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and secured notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule D.   The amounts outstanding under the Debtors' prepetition secured credit facilities and secured notes reflect approximate amounts as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete

description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

- <u>Relative priority of creditors listed on Schedule D</u>: The Debtors pre-petition capital structure has three tranches of debt that are secured by a lien on substantially all of the Debtors' assets. The first-priority, first-lien term loan has the most senior priority on the collateral. The regular-priority, first-lien term loan is subordinate only to the first-priority, first-lien term loan on the collateral. The second-lien term loan is subordinate to both the first-priority and regular-priority first-lien term loans. Additionally, the Debtors received a secured bridge loan on or around October 31, 2022, that is secured by amounts of certain employee retention tax credits owed to Lifesize, Inc. This bridge loan has priority senior to the other tranches of debt <u>only</u> as it relates to the employee retention tax credits. Additional information about the Debtors' pre-petition capital structure can be found in the *Declaration of Marc Bilbao in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13].

**Schedule E/F Notes**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date. However, the actual amount of claims against the Debtors may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F were incurred or arose, some claims represent an aggregation of multiple invoices, fixing that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have made their best effort to identify the date the liability was incurred, but in some cases of an aggregated claim amount, may have indicated "various", and in other cases, may not have listed a date for each claim listed on Schedule E/F.

- Claims listed on the Debtors' Schedule E/F include claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E/F. Therefore,

the Debtors have listed estimated claim amounts, where possible, or alternatively listed such claims as undetermined in amount and marked the claims as unliquidated, pending final resolution of ongoing audits or other outstanding issues. The Debtors reserve their right to dispute or challenge whether such claims are entitled to priority.

- The Bankruptcy Court has approved the payment of certain unsecured employee claims against the Debtors including, without limitation, certain claims of employees for wages, salaries, and benefits with the *Order Authorizing the Debtors to (I) Pay and/or Honor Prepetition Wages, Salaries, Bonus Payments, Employee Benefits, and Other Compensation; (II) Remit Withholding Obligations and Deductions; (III) Maintain Employee Compensation and Benefits Programs and Pay Related Administrative Obligations; and (IV) Have Applicable Banks and Other Financial Institutions Receive, Process, Honor, and Pay Certain Checks Presented for Payment and Honor Certain Fund Transfer Requests* [Docket No. 44]. Due to confidentiality concerns, the Debtors have not included the addresses of the employee claimants listed on the publicly filed Schedule E/F, but will provide the appropriate information to the claims agent to insure proper noticing. In general, all employee claims for items that were not clearly authorized to be paid by the Bankruptcy Court have been included in the Schedules and Statements.

- The listing of any priority claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve the right to take the position that any claim listed on Schedule E/F is not entitled to priority.

- The Bankruptcy Court approved the payment of certain non-priority unsecured claims against the Debtors including, without limitation, claims of shipping claimants and critical vendors, under the *Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of (A) Shipping Claimants and (B) Critical Vendors; (II) Authorizing Banks to Honor and Process Related Checks and Electronic Transfers; and (III) Granting Related Relief* [Docket No. 41]. While the Debtors have made every effort to reflect the current obligations as of the Petition Date net of postpetition adjustments for additional invoices received or payments issued on Schedule E/F, certain payments made, and certain invoices received, after the Petition Date may not be accounted for in Schedule E/F.

- Schedule E/F also contains information regarding pending litigation involving the Debtors. However, certain omissions may have occurred. The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

- All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. Specific disclosure regarding asserted or potential litigation-related claims may be subject to certain disclosure restrictions or may be of a peculiarly personal and private nature. The Debtors continue to research any possible restrictions

11

with respect to disclosure of asserted or potential litigation-related claims. The Debtors will amend or supplement these Schedules and Statements as necessary or appropriate in this regard.

- Schedule E/F does not include certain deferred liabilities, accruals, or general reserves. Such amounts are general estimates and do not represent specific claims as of the Petition Date for each respective Debtor.

- In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, it is possible that the Debtors had not received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Accordingly, the information contained in Schedules E/F may be incomplete. The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances.

**<u>Schedule G Notes</u>**.

- The businesses of the Debtors are complex. While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules as necessary or to change or otherwise challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease or that it is or is not a binding, valid, and enforceable contract. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or

that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings, and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

**Schedule H Notes**.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties.  Because all such claims are "contingent," "unliquidated," or "disputed," such claims have not been set forth individually on Schedule H.

- Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and secured notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule H.

- Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Further, the Debtors believe that certain of the guarantees reflected on Schedule H may have expired or are no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or are unenforceable.

- Schedule H is furnished for informational purposes only to apprise parties in interest of co-debtor relationships of the Debtors as of the Petition Date and is derived from documents in the possession of the Debtors. It is not an admission or recognition that any co-debtor liability exists or existed.

**Statement of Financial Affairs**

**Statement Questions 1 – Revenue**.  For purposes of this question, current year revenue is presented as being through April 30, 2023 (the Debtors' last fiscal month end prior to the Petition Date) and not through the "Filing Date" as listed on the form. Further, the Debtors have not included revenue on account of intercompany activity among and between the Debtors and with any Non-Debtor Affiliates.  Refer to Global Note "Intercompany Transactions" for further detail.

**Statement Question 3 – 90 Day Payments.**  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date. To the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement Question 3.

**Statement Question 4 – Payments to Insiders.**  For the purpose of this question, all payments are listed on the Statement of the Debtor that actually made the payment.  Refer to Global Note "Insiders" for further detail.  Payments made to FTI Consulting, Inc. for the services of Marc Bilbao and Michael Yoshimura as Co-Chief Restructuring Officers are included in response to Statement Question 11 and are not included in response to this question.

**Statement Question 6 – Setoffs.**  The Debtors routinely incur setoffs from third parties during the ordinary course of business. Set-offs in the ordinary course can result from various items including intercompany transactions, counterparty settlements, pricing/quantity discrepancies, and other transaction true-ups.  These customary setoffs are consistent with the ordinary course of business in the Debtor's industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtor to list all such setoffs. Consequently, ordinary course set-offs are excluded from the Debtors' responses to SOFA Question 6. The Debtors reserve all rights to enforce or challenge any setoffs that have been or may have been asserted.

**Statement Question 7 – Legal Actions.**  Certain litigation actions against one Debtor may relate to any of the other Debtors. The Debtors have made commercially reasonable efforts to identify all current pending litigation involving the Debtors and to record these actions in the Statements of the Debtor that is party to the action.  However, certain omissions may have occurred.  The inclusion of any legal action in this question does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

**Statement Question 11 – Payments Related to Bankruptcy.**  During the one year prior to the Petition Date, the Debtors sought assistance from various professionals and have included all payments made to those professionals, including those services unrelated to the bankruptcy filing. Due to timing and resource limitations, the Debtors are unable to effectively bifurcate payments solely related to debt restructuring or bankruptcy services for the one-year period prior to the Petition Date.  As a result, the payments listed in response to this question may include payments not related to debt restructuring or bankruptcy services for certain professionals listed.

**Statement Question 16 – Personally Identifiable Information.**  The Debtors do not collect PII of their own customers; however, customers may themselves collect PII over the Debtors' technology platforms. Certain of the Debtors' customers ask that the Debtors' submit to an audit

under the Payment Card Industry Data Security Standard ("**PCI Audit**"). The Debtors last completed a PCI Audit in December 2022.

**Statement Question 25 – Businesses in Which the Debtors Have an Interest.**  Given the complexities of the organizational structure of the Debtors, for purposes of Statement Question 25, the Debtors have listed only the direct subsidiaries of each Debtor entity.  Further, while their response to Statement Question 25 captures the divestiture information for approximately 3 years preceding the Petition Date, it may not capture all the entity liquidation information for the transactions occurring within the 6 years preceding the Petition Date.

**Statement Question 26b – Auditors and Financial Statement Preparers.**  In November 2021, the Debtors engaged Baker Tilly US, LLP ("**Baker Tilly**") to perform an audit of its books and records for the period of March 2, 2020 through January 31, 2022. On or around November 2022, Baker Tilly ceased work on the audit.  The audit remained outstanding out of the Petition Date. Out of an abundance of caution, the Debtors have included Baker Tilly in response to Statement Question 26b.

**Statement Question 26d – Recipients of Financial Statements.**  In the ordinary course of business the Debtors may provide certain parties, such as financial institutions, debtholders, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

**Statement Question 27 – Inventories.**  The Debtors do not physically maintain any of their own inventory.  Inventory is held in warehouses managed by third parties.  In certain instances, the Debtors may not have records of when the last physical inventory was completed at certain sites. Out of abundance of caution, the Debtors have included the most recent physical inventory count for each of the warehouses where the information in available.

**Statement Question 28 and 29 – Current and Former Officer and Directors.**  The Debtors have made reasonable best efforts to list the known current and former officers and directors for each Debtor entity based on a review of existing books and records and other available information which may not be complete and updated as of the Petition Date.  As such, there may be inadvertent errors or omissions for Statement Questions 28 and 29 due to these limitations.  See Global Note "Insiders" for further detail.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders.**  Refer to Statement Question 4 for this item.

**Fill in this information to identify the case:**

Debtor Name: In re : LO Platform MidCo, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-50043 (DRJ)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

## Part 1: Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**

   Copy line 88 from *Schedule A/B* ........................................................................................

   $ _____ 0.00

   1b. **Total personal property:**

   Copy line 91A from *Schedule A/B* ......................................................................................

   $ _____ 0.00

   1c. **Total of all property:**

   Copy line 92 from *Schedule A/B* ........................................................................................

   $ _____ 0.00

## Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ....................

   $ _____ 81,493,040.45

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

   Copy the total claims from Part 1 from line 5a of *Schedule E/F* ....................................................

   $ _____ 19,790.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**

   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ................................

   + $ _____ 0.00

4. **Total liabilities**

   Lines 2 + 3a + 3b ..........................................................................................................................

   $ _____ 81,512,830.45

**Fill in this information to identify the case:**

Debtor Name: In re : LO Platform MidCo, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-50043 (DRJ)

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property   12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

---

**Part 1:   Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

   $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|
   | | | | $ _____ |

4. **Other cash equivalents** *(Identify all)*

   $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $ _____ 0.00

---

Debtor: LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*: 23-50043
_____

---

**Part 2:**   **Deposits and prepayments**

6.   **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|--|--|--|

7.   **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

_____   $ _____

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

_____   $ _____

9.   **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.

$ _____ 0.00

---

Debtor: LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*: 23-50043
_____

| **Part 3:** | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

|  | | Description | face amount | | doubtful or uncollectible accounts | | | |
|---|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ | $ _____ | - $ | _____ | =..... ➔ | $ | _____ |
| 11b. | Over 90 days old: | _____ | $ _____ | - $ | _____ | =..... ➔ | $ | _____ |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor:  LO Platform MidCo, Inc.
_____
         Name

Case number *(if known)*   23-50043
_____

---

**Part 4:**   **Investments**

---

13.  **Does the debtor own any investments?**

☒  No. Go to Part 5.

☐  Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14.  **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| _____ | _____ | $ _____ |
| 15.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: | % of ownership: | |
| _____ | _____ | $ _____ |
| 16.  **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| _____ | | $ _____ |

17.  **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

$ _____ 0.00

---

Debtor: LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*: 23-50043
_____

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | $ | | $ |
| 20. **Work in progress** | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | $ | | $ |
| 22. **Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5.**
    Add lines 19 through 22. Copy the total to line 84.

    $ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Description _____ Book value $ _____ Valuation method _____ Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor:  LO Platform MidCo, Inc.
_____
Name

Case number *(if known):*  23-50043
_____

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
- ☑ No. Go to Part 7.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |
| 33. **Total of Part 6.** Add lines 28 through 32. Copy the total to line 85. | | | $                          0.00 |

34. **Is the debtor a member of an agricultural cooperative?**
- ☐ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes.  Description_____  Book value $_____  Valuation method_____  Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ☐ No
- ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

Debtor: LO Platform MidCo, Inc.          Case number *(if known)*:  23-50043
_____
Name

## Part 7:   Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 39.1 Fully depreciated fixed assets related to office equipment | $ 0.00 | | $ 0.00 |
| 40. **Office fixtures** | | | |
| 40.1 None | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 Fully depreciated fixed assets related to network equipment, hardware, and software | $ 0.00 | | $ 0.00 |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 None | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor: LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*: 23-50043
_____

| **Part 8:** | **Machinery, equipment, and vehicles** |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**
   - ☐ No. Go to Part 9.
   - ☑ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 None | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 None | $ | | $ |
| **49. Aircraft and accessories** | | | |
| 49.1 None | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 Fully depreciated fixed assets related to Demo and R&D equipment | $ 0.00 | | $ 0.00 |

51. **Total of Part 8.**

   Add lines 47 through 50. Copy the total to line 87.

   $ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
   - ☐ No
   - ☑ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
   - ☑ No
   - ☐ Yes

Debtor: LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*: 23-50043
_____

<h2>Part 9:    Real property</h2>

**54.   Does the debtor own or lease any real property?**

☑  No. Go to Part 10.

☐  Yes. Fill in the information below.

**55.   Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

**56.   Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

**57.   Is a depreciation schedule available for any of the property listed in Part 9?`**

☐  No

☐  Yes

**58.   Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐  No

☐  Yes

Debtor:  LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*:  23-50043
_____

---

**Part 10:**   **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 None | $ | | $ |
| **61. Internet domain names and websites** | | | |
| 61.1 None | $ | | $ |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 None | $ | | $ |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 Customer list with an undetermined value | $ 0.00 | | $ Undetermined |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 None | $ | | $ |
| **65. Goodwill** | | | |
| 65.1 Goodwill | $ Undetermined | | $ Undetermined |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☑ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

---

Debtor:  LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*:  23-50043

---

**Part 11:**  **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐  No. Go to Part 12.
☒  Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)          Total face amount          doubtful or uncollectible accounts

71.1  None                           $ _____  - $ _____  =..... ➔  $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1  See Schedule A/B 72 Attachment          Tax year _____          $          Undetermined

73. **Interests in insurance policies or annuities**

73.1  None                                        $ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1  None                                        $ _____

     **Nature of claim**          _____

     **Amount requested**          $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1  None                                        $ _____

     **Nature of claim**          _____

     **Amount requested**          $ _____

76. **Trusts, equitable or future interests in property**

76.1  None                                        $ _____

77. **Other property of any kind not already listed**  *Examples*: Season tickets, country club membership

77.1  None                                        $ _____

78. **Total of Part 11.**

    Add lines 71 through 77. Copy the total to line 90.          $          0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☐  No
☐  Yes

Debtor: LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*: 23-50043
_____

**Part 12:**   **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.......................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column..............................91a. | $ 0.00 | + 91b. $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ................................................................ | | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : LO Platform MidCo, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-50043 (DRJ)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property     12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
| --- | --- | --- |

**2.1 Creditor's name**

Silicon Valley Bank, a div of First-Citizens Bank & Trust Co, as Admin. Agnt, Reg Priority First lien term loan and revolver
Creditor's Name

**Describe debtor's property that is subject to a lien**

Substantially all the Debtors' assets

$ 55,863,796.82      $  Undetermined

**Creditor's mailing address**

Notice Name

3003 Tasman Dr.
Street

| Santa Clara | CA | 95054 |
| --- | --- | --- |
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

**Date debt was incurred**     3/2/2020

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

- ☐ No
- ☑ Yes. Have you already specified the relative priority?
  - ☑ No. Specify each creditor, including this creditor, and its relative priority.
    
    Refer to Global Notes
  - ☐ Yes. The relative priority of creditors is specified on lines

**Describe the lien**

Regular Priority First lien term loan and revolver, which is subordinate only to the first-priority lien.

**Is the creditor an insider or related party?**
- ☑ No
- ☐ Yes

**Is anyone else liable on this claim?**
- ☐ No
- ☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

| Debtor: | LO Platform MidCo, Inc. | Case number *(if known)* | 23-50043 |
|---|---|---|---|
| | Name | | |

| **Part 1:** | **Additional Page** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. | *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.2 Creditor's name**

Silicon Valley Bank, a division of First-Citizens Bank & Trust Company, as Admin, Agent, First priority first lien term loan

Creditor's Name

**Creditor's mailing address**

Notice Name

2400 Hanover Street

Street

| Palo Alto | CA | 94304 |
|---|---|---|
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

**Date debt was incurred**     3/2/2020

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☒ Yes. Have you already specified the relative priority?

  ☒ No. Specify each creditor, including this creditor, and its relative priority.

    Refer to Global Notes

  ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all the Debtors' assets          $    4,994,658.80    $    Undetermined

**Describe the lien**

First priority first lien term loan

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☒ Yes. Fill out *Schedule H: Codebtors*(Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Debtor:   LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*   23-50043
_____

| **Part 1:** | **Additional Page** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. | *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** |
|---|---|---|

2.3 **Creditor's name**

SVB Innovation Credit Fund VIII, L.P. (f/k/a/ WestRiver Innovation Lending Funding VIII, L.P.)
Creditor's Name

**Creditor's mailing address**

Notice Name

387 Park Avenue South
Street

_____

New York          NY          10016
City          State          ZIP Code

Country

**Creditor's email address, if known**

_____

**Date debt was incurred**          3/2/2020

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐  No

☑  Yes. Have you already specified the relative priority?

  ☑  No. Specify each creditor, including this creditor, and its relative priority.

    Refer to Global Notes
    _____

  ☐  Yes. The relative priority of creditors is specified on lines

    _____

**Describe debtor's property that is subject to a lien**

Substantially all the Debtors' assets          $          20,634,584.83          $          Undetermined

**Describe the lien**

Second lien term loan

**Is the creditor an insider or related party?**

☑  No
☐  Yes

**Is anyone else liable on this claim?**

☐  No
☑  Yes. Fill out S*chedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐  Contingent
☐  Unliquidated
☐  Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $          81,493,040.45

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |
| _____ | | |
| Name | | |
| _____ | | |
| Notice Name | | |
| _____ | | |
| Street | | |
| _____ | | |
| _____ | | |
| City                State            ZIP Code | | |
| _____ | | |
| Country | | |

**Fill in this information to identify the case:**

Debtor Name: In re : LO Platform MidCo, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-50043 (DRJ)

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☐ No. Go to Part 2.
   ☑ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | **Total claim** | **Priority amount** |
| --- | --- | --- | --- |

2.1 **Priority creditor's name and mailing address**

California Secretary of State
<small>Creditor Name</small>

Secretary of State
<small>Creditor's Notice name</small>

Business Entities
<small>Address</small>

P.O. Box 944228

| Sacramento | CA | 94244-2280 |
| --- | --- | --- |
| <small>City</small> | <small>State</small> | <small>ZIP Code</small> |

<small>Country</small>

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:** $    11,790.00    $    11,790.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

FY22 State Tax Returns

**Is the claim subject to offset?**

☑ No

☐ Yes

Debtor: LO Platform MidCo, Inc.
_____
Name

Case number *(if known)*:  23-50043
_____

**2.2 Priority creditor's name and mailing address**

State of New Jersey
_____
Creditor Name

_____
Creditor's Notice name

Division of Taxation - Revenue Processing Center
_____
Address

PO Box 666
_____

_____

| Trenton | NJ | 08646-0666 |
|---------|-----|-----------|
| City | State | ZIP Code |

_____
Country

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:** $              8,000.00    $              8,000.00

*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

FY22 State Tax Returns
_____

**Is the claim subject to offset?**

☑  No

☐  Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|------------------------------------------------------|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|
| **Nonpriority creditor's name and mailing address** | $ _____ |

**Nonpriority creditor's name and mailing address**

Creditor Name
_____

Creditor's Notice name
_____

Address
_____

_____

_____

City          State          ZIP Code

Country
_____

**Date or dates debt was incurred**
_____

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 3:**   **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐   Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City                State              ZIP Code | | |
| Country | | |

**Part 4:**  **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 19,790.00 |
| 5b. **Total claims from Part 2** | 5b. + | $ 0.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 19,790.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : LO Platform MidCo, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-50043 (DRJ)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases     12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **State what the contract or lease is for and the nature of the debtor's interest** | Name |
| | Notice Name |
| **State the term remaining** | Address |
| **List the contract number of any government contract** | |
| | City          State          ZIP Code |
| | Country |

**Fill in this information to identify the case:**

Debtor Name: In re : LO Platform MidCo, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-50043 (DRJ)

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors.** In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1  See Schedule H Attachment | | | ☐ D |
| | Street | | |
| | | | ☐ E/F |
| | | | |
| | | | ☐ G |
| | City              State              ZIP Code | | |
| | Country | | |

| Fill in this information to identify the case: |
|---|
| Debtor Name: In re : LO Platform MidCo, Inc. |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number (if known): 23-50043 (DRJ) |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☑ *Schedule H: Codebtors* (Official Form 206H)

- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/28/2023                    ✖ / s / Michael Yoshimura
              MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                               Michael Yoshimura
                                               Printed name

                                               Co-Chief Restructuring Officer
                                               Position or relationship to debtor

**In re: LO Platform MidCo, Inc.**
**Case No. 23-50043**
Schedule A/B 72
Tax refunds and unused net operating losses (NOLs)

| Description | Tax Year | Current value of debtor's interest |
|---|---|---|
| Form 05-158 – Texas Franchise Report | 1/31/2023 | Undetermined |
| Form 100 - California Corporation Franchise or Income Tax Return | 1/31/2023 | Undetermined |
| Form 355 - Massachusetts Business Manufacturing Corporation Excise Return | 1/31/2023 | Undetermined |
| Form 600 – Georgia Corporate Tax Return | 1/31/2023 | Undetermined |
| Form AR100CT – Arkansas Corporate Income Tax Return | 1/31/2023 | Undetermined |
| Form CBT-100 - New Jersey Corporation Business Tax Return | 1/31/2023 | Undetermined |
| Form CD-405  - North Carolina Corporation Return | 1/31/2023 | Undetermined |
| Form CT-1120  - Connecticut Corporation Business Tax | 1/31/2023 | Undetermined |
| Form M4 - Minnesota Corporation Franchise Tax Return | 1/31/2023 | Undetermined |
| Form MO-1120 – Missouri Corporation Franchise Tax Return | 1/31/2023 | Undetermined |
| Form RCT-101 - Pennsylvania Corporate Tax Report | 1/31/2023 | Undetermined |
| | **TOTAL:** | **Undetermined** |

**In re: LO Platform MidCo, Inc.**
**Case No. 23-50043**
Schedule H
Codebtors

| Name of codebtor | Address 1 | Address 2 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|---|
| Lifesize, Inc. | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Silicon Valley Bank, a division of First-Citizens Bank & Trust Company, as Admin, Agent, First priority first lien term loan | X | | |
| Lifesize, Inc. | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Silicon Valley Bank, a div of First-Citizens Bank & Trust Co, as Admin. Agnt, Reg Priority First lien term loan and revolver | X | | |
| Lifesize, Inc. | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | SVB Innovation Credit Fund VIII, L.P. (f/k/a/ WestRiver Innovation Lending Funding VIII, L.P.) | X | | |
| Serenova, LLC | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Silicon Valley Bank, a division of First-Citizens Bank & Trust Company, as Admin, Agent, First priority first lien term loan | X | | |
| Serenova, LLC | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Silicon Valley Bank, a div of First-Citizens Bank & Trust Co, as Admin. Agnt, Reg Priority First lien term loan and revolver | X | | |
| Serenova, LLC | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | SVB Innovation Credit Fund VIII, L.P. (f/k/a/ WestRiver Innovation Lending Funding VIII, L.P.) | X | | |
| SL Midco 1, LLC | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Silicon Valley Bank, a division of First-Citizens Bank & Trust Company, as Admin, Agent, First priority first lien term loan | X | | |
| SL Midco 1, LLC | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Silicon Valley Bank, a div of First-Citizens Bank & Trust Co, as Admin. Agnt, Reg Priority First lien term loan and revolver | X | | |
| SL Midco 1, LLC | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | SVB Innovation Credit Fund VIII, L.P. (f/k/a/ WestRiver Innovation Lending Funding VIII, L.P.) | X | | |
| SL Midco 2 | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Silicon Valley Bank, a division of First-Citizens Bank & Trust Company, as Admin, Agent, First priority first lien term loan | X | | |
| SL Midco 2 | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Silicon Valley Bank, a div of First-Citizens Bank & Trust Co, as Admin. Agnt, Reg Priority First lien term loan and revolver | X | | |
| SL Midco 2 | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | SVB Innovation Credit Fund VIII, L.P. (f/k/a/ WestRiver Innovation Lending Funding VIII, L.P.) | X | | |