**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LIFESIZE, INC., | ) | Case No. 23-50038 (DRJ) |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**LIGHT BLUE OPTICS, INC. (CASE NO. 23-50045)**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041

### IN THE UNITED STATES BANKRUPTCYCOURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

------------------------------------------------------ x
In re                                    :     Chapter 11
                                         :
LIFESIZE, INC.,                 :     Case No. 23-50038 (DRJ)
                                         :
Debtors.[1]          :     (Jointly Administered)
                                         :
------------------------------------------------------ x

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On May 16, 2023 (the "**Petition Date**"), Lifesize, Inc. and certain of its direct and indirect affiliates (collectively, "**Lifesize**", the "**Debtors**", or the "**Company**") filed voluntary petitions for reorganization (the "**Bankruptcy Filing**") under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas, Laredo Division (the "**Bankruptcy Court**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases (the "**Chapter 11 Cases**") are being administered under the caption "In re Lifesize, Inc.," Case Number 23-50038 (DRJ).

The Schedules of Assets and Liabilities (the "**Schedules**" or "**SOALs**") and Statements of Financial Affairs (the "**Statements**" or "**SOFAs**") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by members of the management of the Debtors in conjunction with their financial and legal advisors using unaudited information available as of the Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub- Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 W. Village Blvd., Laredo, TX 78041.

**THE SCHEDULES AND STATEMENTS AND THESE GLOBAL NOTES SHOULD NOT BE RELIED ON BY ANY PERSONS FOR INFORMATION RELATING TO CURRENT OR FUTURE FINANCIAL CONDITIONS, EVENTS, OR PERFORMANCE OF ANY OF THE DEBTORS.**

**Reservation of Rights**.  The Debtors' Chapter 11 Cases are large and complex.  The Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.  Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred.  Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate or complete. The Debtors reserve all rights to, but are not required to, amend or supplement the Schedules and Statements from time to time as is necessary and appropriate.

The Debtors have made reasonable efforts to characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly.  Further, certain affiliated companies of the Debtors did not file petitions in the Bankruptcy Court of this or any other jurisdiction in the United States (each individually a "**Non-Debtor**" or "**Non-Debtor Affiliate**"). The Debtors have made reasonable efforts to exclude all assets and liabilities of the Non-Debtor Affiliates in the Schedules and Statements.

Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available. In addition, certain items reported in the Schedules and Statements could be included in more than one category.  In those instances, one category has been chosen to avoid duplication. The designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.  For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E/F as "priority unsecured" or "nonpriority unsecured," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract. Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection.  The Debtors reserve their respective rights to dispute, or assert offsets, setoffs, or defenses to, any claim reflected on

the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, or unliquidated.

**Reporting Date**.  All asset information, except where otherwise noted, is provided as of the close of business on April 30, 2023.  All liability information, except where otherwise noted,  is presented as of the Petition Date.

**Basis of Presentation**.  The Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the Company.  The information presented in the Schedules and Statements is unaudited and does not include all of the information and footnotes required by generally accepted accounting principles.  Management made reasonable efforts to ensure that the financial information is accurate and complete based on information that was available to them at the time of preparation.  Subsequent information or discovery may result in material changes to the information.  Notwithstanding any such discovery, new information, errors or omissions, the Debtors do not undertake any obligation or commitment to update

**Currency**.  All amounts are reflected in U.S. dollars, unless otherwise indicated.

**Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenue and expense.  Actual results could differ materially from these estimates. The Debtors reserve the right to amend the reported amounts of assets, liabilities, and expenses to reflect changes in those estimates or assumptions.

**Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed totals. Due to the numerous unliquidated, contingent, or disputed claims, summary statistics in the Schedules and Statements may materially understate the Debtor's liabilities.

**Undetermined or Unknown Amounts**.  The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount.  Certain amounts may be clarified during the Chapter 11 Cases and certain amounts may depend on contractual obligations to be assumed as part of a sale in a bankruptcy proceeding under section 363 of the Bankruptcy Code.

**Asset Presentation and Valuation**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all their assets.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date. These values do not purport to represent the ultimate value that would be received in the event of a sale and may not represent economic value as determined by an appraisal or other valuation technique. Certain other assets are listed at undetermined or unknown amounts, as the net book values may differ materially from fair market values or the

3

amounts ultimately realized. In addition, certain depreciable assets with a net book value of zero may be included for completeness. The Debtors do not intend to amend these Schedules and Statements to reflect actual values.

**Contingent Assets and Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any causes of action, avoidance actions, controversy, right of set-off, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and Non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, or indemnification arising from various (i) guarantees, (ii) indemnities, (iii) tax-sharing agreements, (iv) warranties, (v) operational and servicing agreements, (vi) shared service agreements, and (vii) other arrangements.

**Pledged Assets**.  A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors and may be outside of the Debtors' control, including, without limitation, in connection with the Debtors post-petition financing facility. Assets pledged as collateral include, among other things, cash, inventories, equipment, trademarks, equity interests in subsidiaries, and other related assets.

**Liabilities**.  Some of the scheduled liabilities are presently unknown, contingent, or unliquidated. In such cases, the amounts are listed as "Unknown" or "Undetermined." Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.

The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change.  The Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Excluded Assets and Liabilities**. The Debtors may have excluded from the Schedules certain of the following items: certain accrued liabilities, including, without limitation, accrued salaries, employee benefit accruals, and certain other accruals, capitalized interest, debt acquisition costs, goodwill, certain other assets, and deferred revenue and gains. Other non-material assets and liabilities may also have been excluded.

**Confidentiality**. The Bankruptcy Court directed the Debtors to redact certain personal information of individual creditors under the *Order (I) Implementing Complex Case Management and Related Hearing Procedures; (II) Authorizing the Debtors to File a Consolidated Creditor Matrix; (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information* [Docket No. 37]. Furthermore, individuals currently employed by the Debtors or who are contract workers of the Debtors may be listed in response to applicable questions in the Statements and Schedules with the corporate address of the Debtors. Notwithstanding, for individuals with redacted information in Schedules E/F, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

**Intercompany Transactions**. The Debtors do not maintain an intercompany matrix that details the intercompany payables and receivables due to and due from each of its Debtor and Non-Debtor Affiliates. It would be unduly burdensome and cost-prohibitive for the Debtors to determine intercompany claim amounts or receivable amounts for each of its Debtor and Non-Debtor Affiliates. Likewise, the Debtors have not included any intercompany amounts in response to SOAL AB11, AB77, EF2, or any other potentially applicable question.

**Bankruptcy Court First-Day Orders**. The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, Debtors' employee wages and compensation, insurance policy premiums, certain taxes, bank fees, and certain claims of shipping claimants and critical vendors. Accordingly, the scheduled claims are intended to reflect only sums due and owing before the Petition Date for which the Debtors did not obtain relief from the Bankruptcy Court to satisfy in whole or in part. The estimate of claims set forth in the Schedules, however, may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**Liens**. The inclusion on Schedule D of creditors that have asserted liens against the Debtors is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right, to the extent that the Debtors have not elsewhere waived this right, to challenge such liens and the underlying claims on any ground whatsoever. Reference to the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the

nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

**Leases**. In the ordinary course of their businesses, the Debtors lease facilities and equipment from certain third-party lessors for use in their daily operations. Any such leases are set forth in Schedule G, and the assets subject to these leases may be reflected in Schedule A/B with an "Undetermined" value. The properties subject to these leases are not reflected in the Statements as property or assets of third parties within the control of a Debtor. Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.

**Executory Contracts**. Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code. Exclusion of a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is or is not an executory contract, such lease is or is not an unexpired lease, or that either necessarily is or is not a binding, valid, and enforceable contract. The Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules as necessary or to change or otherwise challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have expired by their terms. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have not expired by their terms. Accordingly, the Debtors reserve all of their rights as to the legal status of all intellectual property rights.

**Setoff**. Prior to the Petition Date, and in the ordinary course of their businesses, the Debtors incurred setoffs in connection with, among other things, third-party transactions. Unless otherwise stated, certain setoffs that were incurred in the ordinary course or under customary practices are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules A/B, D or E/F. Nonetheless, some amounts listed may have been affected by

setoffs effectuated prior to the Petition Date of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff or recoupment rights that may be asserted.

**Guarantees and Other Secondary Liability Claims**. The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees. The Debtors have placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guarantees were also placed on Schedule D or E/F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G. Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

**Payments**. The financial affairs and businesses of the Debtors are complex. Before the Petition Date, the Debtors and certain of their Non-Debtor Affiliates participated in a consolidated cash management system. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system. A description of the Debtors' prepetition cash management system is set forth in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Maintenance of Existing Bank Accounts; (II) Authorizing Continuance of Existing Cash Management System; (III) Authorizing Continued Performance of Intercompany Transactions and Funding; and (IV) Granting Related Relief* [Docket No. 8] (the "**Cash Management Motion**"). The Debtors have used their reasonable best effort to attribute each payment to the Debtor which incurred the expense, not the Debtor entity which made the payment.

**Insiders**. For purposes of their responses to Statement Question Nos. 28 and 29, the Debtors have listed their respective officers and directors for each individual Debtor entity to the extent available based on current records. For purposes of Statement Question No. 4, the Debtors have included cash payments to former executive officers and affiliates of equity owner Marlin-SL Topco, LP. Amounts paid to FTI Consulting, Inc. for the services of Marc Bilbao and Michael Yoshimura as Co-Chief Restructuring Officers are instead included on Statement Question 11. No known amounts have been paid to current or former directors during the reference period. Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Signatory**.  The Schedules and Statements have been signed by Michael Yoshimura, in his capacity as Co-Chief Restructuring Officer of the Debtors.  In reviewing and signing the Schedules and Statements, he has necessarily relied upon the efforts, statements and representations of various of the Debtors' personnel and professionals.  He has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

**Limitation of Liability**.  The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

In addition to the foregoing, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

### Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- General.  Each Debtor's assets in Schedule A/B are listed at net book value based on the Debtors' reasonable best efforts as of the Petition Date unless otherwise noted and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.

- Checking, savings, money market, or financial brokerage accounts (AB3).  Amounts listed in response to this Schedules question are as of the Petition Date.

- Non-publicly traded stock (AB15).  Ownership interests in other Debtor subsidiaries and Non-Debtor Affiliates have been identified in AB15 in an undetermined amount because the fair market value of such ownership interest is dependent on numerous variables and factors that may cause their fair market value to differ materially from their net book value.

- Inventory (AB19 thru AB21). The Debtors do not physically maintain any of their own inventory.  Inventory is held in warehouses managed by third parties.  In certain instances, the Debtors may not have records of when the last physical inventory was completed at certain sites.  Out of abundance of caution, the Debtors have included the most recent physical inventory count for each of the warehouses where the information in available.

- <u>Office furniture, fixtures and equipment (AB38 thru AB45)</u>. In the Debtors' books and records, office furniture and fixtures are included in one trial balance amount. As such, in certain instances, the Debtors have not specifically reported office equipment by office furniture, office fixtures, and office equipment. After a reasonable effort, the Debtors have not been able to identify all collectibles, artwork, and other memorabilia; however, it is possible that inadvertent errors or omissions may have occurred, or that property of de minimis value is not included in response to this question.

**<u>Schedule D Notes</u>.**

- Creditors' claims on Schedule D arose, or were incurred, on various dates. In certain instances, the date on which such claim arose may be an open issue of fact.

- Claims relating to the repayment of principal, interest and other fees and expenses under agreements governing any syndicated credit facility or debt security issued by or for the benefit of the Debtors pursuant to an indenture where the identities of the lenders or other parties in interest are not known with certainty are scheduled listing the administrative agent under the applicable credit facility or the indenture trustee on behalf of the lenders or other parties in interest.

- Except as otherwise agreed in accordance with any stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim scheduled on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or other entities.

- The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and secured notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition secured credit facilities and secured notes reflect approximate amounts as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete

description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

- <u>Relative priority of creditors listed on Schedule D</u>: The Debtors pre-petition capital structure has three tranches of debt that are secured by a lien on substantially all of the Debtors' assets. The first-priority, first-lien term loan has the most senior priority on the collateral. The regular-priority, first-lien term loan is subordinate only to the first-priority, first-lien term loan on the collateral. The second-lien term loan is subordinate to both the first-priority and regular-priority first-lien term loans. Additionally, the Debtors received a secured bridge loan on or around October 31, 2022, that is secured by amounts of certain employee retention tax credits owed to Lifesize, Inc. This bridge loan has priority senior to the other tranches of debt <u>only</u> as it relates to the employee retention tax credits. Additional information about the Debtors' pre-petition capital structure can be found in the *Declaration of Marc Bilbao in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13].

**Schedule E/F Notes**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date. However, the actual amount of claims against the Debtors may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F were incurred or arose, some claims represent an aggregation of multiple invoices, fixing that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have made their best effort to identify the date the liability was incurred, but in some cases of an aggregated claim amount, may have indicated "various", and in other cases, may not have listed a date for each claim listed on Schedule E/F.

- Claims listed on the Debtors' Schedule E/F include claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E/F. Therefore,

the Debtors have listed estimated claim amounts, where possible, or alternatively listed such claims as undetermined in amount and marked the claims as unliquidated, pending final resolution of ongoing audits or other outstanding issues. The Debtors reserve their right to dispute or challenge whether such claims are entitled to priority.

- The Bankruptcy Court has approved the payment of certain unsecured employee claims against the Debtors including, without limitation, certain claims of employees for wages, salaries, and benefits with the *Order Authorizing the Debtors to (I) Pay and/or Honor Prepetition Wages, Salaries, Bonus Payments, Employee Benefits, and Other Compensation; (II) Remit Withholding Obligations and Deductions; (III) Maintain Employee Compensation and Benefits Programs and Pay Related Administrative Obligations; and (IV) Have Applicable Banks and Other Financial Institutions Receive, Process, Honor, and Pay Certain Checks Presented for Payment and Honor Certain Fund Transfer Requests* [Docket No. 44]. Due to confidentiality concerns, the Debtors have not included the addresses of the employee claimants listed on the publicly filed Schedule E/F, but will provide the appropriate information to the claims agent to insure proper noticing. In general, all employee claims for items that were not clearly authorized to be paid by the Bankruptcy Court have been included in the Schedules and Statements.

- The listing of any priority claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve the right to take the position that any claim listed on Schedule E/F is not entitled to priority.

- The Bankruptcy Court approved the payment of certain non-priority unsecured claims against the Debtors including, without limitation, claims of shipping claimants and critical vendors, under the *Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of (A) Shipping Claimants and (B) Critical Vendors; (II) Authorizing Banks to Honor and Process Related Checks and Electronic Transfers; and (III) Granting Related Relief* [Docket No. 41]. While the Debtors have made every effort to reflect the current obligations as of the Petition Date net of postpetition adjustments for additional invoices received or payments issued on Schedule E/F, certain payments made, and certain invoices received, after the Petition Date may not be accounted for in Schedule E/F.

- Schedule E/F also contains information regarding pending litigation involving the Debtors. However, certain omissions may have occurred. The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

- All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. Specific disclosure regarding asserted or potential litigation-related claims may be subject to certain disclosure restrictions or may be of a peculiarly personal and private nature. The Debtors continue to research any possible restrictions

with respect to disclosure of asserted or potential litigation-related claims. The Debtors will amend or supplement these Schedules and Statements as necessary or appropriate in this regard.

- Schedule E/F does not include certain deferred liabilities, accruals, or general reserves. Such amounts are general estimates and do not represent specific claims as of the Petition Date for each respective Debtor.

- In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, it is possible that the Debtors had not received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Accordingly, the information contained in Schedules E/F may be incomplete. The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances.

**<u>Schedule G Notes</u>**.

- The businesses of the Debtors are complex. While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules as necessary or to change or otherwise challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease or that it is or is not a binding, valid, and enforceable contract. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or

that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings, and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

**Schedule H Notes**.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties.  Because all such claims are "contingent," "unliquidated," or "disputed," such claims have not been set forth individually on Schedule H.

- Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and secured notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule H.

- Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Further, the Debtors believe that certain of the guarantees reflected on Schedule H may have expired or are no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or are unenforceable.

- Schedule H is furnished for informational purposes only to apprise parties in interest of co-debtor relationships of the Debtors as of the Petition Date and is derived from documents in the possession of the Debtors. It is not an admission or recognition that any co-debtor liability exists or existed.

## Statement of Financial Affairs

**Statement Questions 1 – Revenue**.  For purposes of this question, current year revenue is presented as being through April 30, 2023 (the Debtors' last fiscal month end prior to the Petition Date) and not through the "Filing Date" as listed on the form. Further, the Debtors have not included revenue on account of intercompany activity among and between the Debtors and with any Non-Debtor Affiliates.  Refer to Global Note "Intercompany Transactions" for further detail.

**Statement Question 3 – 90 Day Payments.**  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date. To the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement Question 3.

**Statement Question 4 – Payments to Insiders.**  For the purpose of this question, all payments are listed on the Statement of the Debtor that actually made the payment.  Refer to Global Note "Insiders" for further detail.  Payments made to FTI Consulting, Inc. for the services of Marc Bilbao and Michael Yoshimura as Co-Chief Restructuring Officers are included in response to Statement Question 11 and are not included in response to this question.

**Statement Question 6 – Setoffs.**  The Debtors routinely incur setoffs from third parties during the ordinary course of business. Set-offs in the ordinary course can result from various items including intercompany transactions, counterparty settlements, pricing/quantity discrepancies, and other transaction true-ups.  These customary setoffs are consistent with the ordinary course of business in the Debtor's industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtor to list all such setoffs. Consequently, ordinary course set-offs are excluded from the Debtors' responses to SOFA Question 6. The Debtors reserve all rights to enforce or challenge any setoffs that have been or may have been asserted.

**Statement Question 7 – Legal Actions.**  Certain litigation actions against one Debtor may relate to any of the other Debtors. The Debtors have made commercially reasonable efforts to identify all current pending litigation involving the Debtors and to record these actions in the Statements of the Debtor that is party to the action.  However, certain omissions may have occurred.  The inclusion of any legal action in this question does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

**Statement Question 11 – Payments Related to Bankruptcy.**  During the one year prior to the Petition Date, the Debtors sought assistance from various professionals and have included all payments made to those professionals, including those services unrelated to the bankruptcy filing. Due to timing and resource limitations, the Debtors are unable to effectively bifurcate payments solely related to debt restructuring or bankruptcy services for the one-year period prior to the Petition Date.  As a result, the payments listed in response to this question may include payments not related to debt restructuring or bankruptcy services for certain professionals listed.

**Statement Question 16 – Personally Identifiable Information.**  The Debtors do not collect PII of their own customers; however, customers may themselves collect PII over the Debtors' technology platforms. Certain of the Debtors' customers ask that the Debtors' submit to an audit

under the Payment Card Industry Data Security Standard ("**PCI Audit**"). The Debtors last completed a PCI Audit in December 2022.

**Statement Question 25 – Businesses in Which the Debtors Have an Interest.**  Given the complexities of the organizational structure of the Debtors, for purposes of Statement Question 25, the Debtors have listed only the direct subsidiaries of each Debtor entity.  Further, while their response to Statement Question 25 captures the divestiture information for approximately 3 years preceding the Petition Date, it may not capture all the entity liquidation information for the transactions occurring within the 6 years preceding the Petition Date.

**Statement Question 26b – Auditors and Financial Statement Preparers.**  In November 2021, the Debtors engaged Baker Tilly US, LLP ("**Baker Tilly**") to perform an audit of its books and records for the period of March 2, 2020 through January 31, 2022. On or around November 2022, Baker Tilly ceased work on the audit.  The audit remained outstanding out of the Petition Date. Out of an abundance of caution, the Debtors have included Baker Tilly in response to Statement Question 26b.

**Statement Question 26d – Recipients of Financial Statements.**  In the ordinary course of business the Debtors may provide certain parties, such as financial institutions, debtholders, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

**Statement Question 27 – Inventories.**  The Debtors do not physically maintain any of their own inventory.  Inventory is held in warehouses managed by third parties.  In certain instances, the Debtors may not have records of when the last physical inventory was completed at certain sites. Out of abundance of caution, the Debtors have included the most recent physical inventory count for each of the warehouses where the information in available.

**Statement Question 28 and 29 – Current and Former Officer and Directors.**  The Debtors have made reasonable best efforts to list the known current and former officers and directors for each Debtor entity based on a review of existing books and records and other available information which may not be complete and updated as of the Petition Date.  As such, there may be inadvertent errors or omissions for Statement Questions 28 and 29 due to these limitations.  See Global Note "Insiders" for further detail.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders.**  Refer to Statement Question 4 for this item.

**Fill in this information to identify the case:**

Debtor Name: In re : Light Blue Optics, Inc.

United States Bankruptcy Court for the: Southern District Of Texas

Case number (if known): 23-50045 (DRJ)

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | 2/1/2023<br>MM / DD / YYYY | to | Filing date | ☑ Operating a business<br>☐ Other _____ | $ _____ 4,742.09 |
| **For prior year:** | From | 2/1/2022<br>MM / DD / YYYY | to | 1/31/2023<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ _____ 39,639.59 |
| **For the year before that:** | From | 2/1/2021<br>MM / DD / YYYY | to | 1/31/2022<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ _____ 219,136.80 |

Debtor: Light Blue Optics, Inc.                                  Case number *(if known)*   23-50045
_____
Name

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to | Filing date | _____ | $ _____ |
| **For prior year:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | _____ | $ _____ |

Debtor: Light Blue Optics, Inc.

Name

Case number *(if known):*   23-50045

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3.   Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 . (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | | | $ | ☐   Secured debt |
| | Creditor's Name | | | ☐   Unsecured loan repayments |
| | | | | ☐   Suppliers or vendors |
| | Street | | | ☐   Services |
| | | | | ☐   Other |
| | City          State          ZIP Code | | | |
| | Country | | | |

**4.     Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | | | $ | |
| | Insider's Name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to Debtor** | | | |

Debtor:   Light Blue Optics, Inc.                                                         Case number *(if known)*:   23-50045

Name

**5.   Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| _____ | | | |
| Country | | | |

**6.   Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | Last 4 digits of account number: XXXX– _____ | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| _____ | | | |
| Country | | | |

Debtor:  Light Blue Optics, Inc.

Name

Case number *(if known)*:   23-50045

| Part 3: | Legal Actions or Assignments |
|---|---|

**7.   Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | | | Name | ☐ Pending |
| | | | Street | ☐ On appeal |
| | | | | ☐ Concluded |
| | **Case number** | | City          State          ZIP Code | |
| | | | Country | |

**8.   Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the Property | Value |
|---|---|---|---|
| 8.1 | | | $ |
| | Custodian's name | | **Court name and address** |
| | Street | **Case title** | Name |
| | City          State          ZIP Code | **Case number** | Street |
| | Country | **Date of order or assignment** | City          State          ZIP Code |
| | | | Country |

Debtor:  Light Blue Optics, Inc.                                    Case number *(if known)*:   23-50045

      Name

---

| **Part 4:** | **Certain Gifts and Charitable Contributions** |

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 _____ | _____ | | $ _____ |
| Creditor's Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |
| Country | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

Debtor:  Light Blue Optics, Inc.                                        Case number *(if known)*    23-50045

Name

| Part 5: | Certain Losses |
|---|---|

10.  **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 _____ | _____ | _____ | $ _____ |

Debtor: Light Blue Optics, Inc.

Name

Case number *(if known):* 23-50045

---

**Part 6:**    Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |

**Address**

Street

City      State      ZIP Code

Country

**Email or website address**

**Who made the payment, if not debtor?**

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |

**Trustee**

---

Debtor: Light Blue Optics, Inc.                                           Case number (if known): 23-50045

Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | Poly Communications International Unlimited Company | Sale of Kaptivo business unit | On or around 3/21/22 | $ 2,800,000.00 |

| **Address** | |
|---|---|
| 70 Sir John Rogerson's Quay | |
| Street | |
| Dublin 2 | |
| Dublin | D02 R296 |
| City     State | ZIP Code |
| Ireland | |
| Country | |
| **Relationship to Debtor** | |
| N/A | |

Debtor: Light Blue Optics, Inc.                                    Case number *(if known)*   23-50045

Name

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---------|--------------------|

14.1  1601 S MoPac Expressway, Suite 100          From  8/17/2020          To  8/25/2021
        Street

        Austin          TX          78746
        City          State          ZIP Code

        Country

14.2  PO Box 161180                              From  9/1/2021           To  Present
        Street

        Austin          TX          78716
        City          State          ZIP Code

        Country

14.3  216 West Village Blvd                      From  4/1/2023           To  Present
        Street
        Suite 102

        Laredo          TX          78041
        City          State          ZIP Code

        Country

Debtor: Light Blue Optics, Inc.
_____
Name

Case number *(if known)*   23-50045
_____

| Part 8: | Health Care Bankruptcies |
|---|---|

**15.  Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

15.1

Facility Name
_____

_____

**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider.

How are records kept?

Street
_____

_____

Check all that apply:

☐  Electronically

City          State          ZIP Code
_____

☐  Paper

Country
_____

Debtor:  Light Blue Optics, Inc.                                              Case number *(if known)*:  23-50045

        Name

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.  _____

        Does the debtor have a privacy policy about that information?

        ☐ No

        ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

        ☐ No. Go to Part 10.

        ☐ Yes. Fill in below:

| | Name of plan | Employer identification number of the plan |
|---|---|---|
| 17.1 | _____ | EIN: _____ |

        Has the plan been terminated?

        ☐ No

        ☐ Yes

Debtor: Light Blue Optics, Inc.                                    Case number *(if known)*:   23-50045
_____
Name

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | _____<br>Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City          State          ZIP Code<br><br>_____<br>Country | XXXX-____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | _____<br>Name<br><br>_____<br>Street<br><br>_____<br>City          State          ZIP Code<br><br>_____<br>Country | _____<br><br>**Address**<br>_____ | _____ | ☐ No<br><br>☐ Yes |

Debtor:  Light Blue Optics, Inc.                                                    Case number *(if known)*    23-50045

_____
Name

**20.  Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | | | | ☐ No |
| | Name | | | |
| | Street | | | ☐ Yes |
| | | | | |
| | | **Address** | | |
| | City          State          ZIP Code | | | |
| | Country | | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Light Blue Optics, Inc.

Name

Case number *(if known)*: 23-50045

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| | Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|---|
| 21.1 | | | | $ |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |

Debtor:  Light Blue Optics, Inc.                                        Case number *(if known)*:    23-50045
_____
         Name

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | | Name | | ☐ Pending |
| | | Street | | ☐ On appeal |
| | **Case Number** | | | ☐ Concluded |
| | | City          State          ZIP Code | | |
| | | Country | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | Name | Name | | |
| | Street | Street | | |
| | City      State      ZIP Code | City      State      ZIP Code | | |
| | Country | Country | | |

Debtor:  Light Blue Optics, Inc.

Name

Case number *(if known)*:  23-50045

**24.  Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| | | | |
| City          State          ZIP Code | City          State          ZIP Code | | |
| Country | Country | | |

Debtor: Light Blue Optics, Inc.

Name

Case number *(if known)*    23-50045

## Part 13:    Details About the Debtor's Business or Connections to Any Business

**25.  Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN: |
| Name | | **Dates business existed** |
| Street | | From _____    To _____ |
| City        State        ZIP Code | | |
| Country | | |

**26.  Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26a.1  See SOFA 26a Attachment | From _____    To _____ |
| Name | |
| Street | |
| City        State        ZIP Code | |
| Country | |

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26b.1  Baker Tilly | From  November 2021    To  November 2022 |
| Name | |
| 205 N Michigan Ave | |
| Street | |
| 28th Floor | |
| Chicago        IL        60601-5927 | |
| City        State        ZIP Code | |
| Country | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:  Light Blue Optics, Inc.                                           Case number *(if known)*:   23-50045
_____                                  _____
Name

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1  Amy Gamble<br>Name | |
| 216 West Village Blvd.<br>Street | |
| Suite 102 | |
| Laredo                    TX            78041<br>City                    State         ZIP Code | |
| Country | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2  Karri Reames<br>Name | |
| 216 West Village Blvd.<br>Street | |
| Suite 102 | |
| Laredo                    TX            78041<br>City                    State         ZIP Code | |
| Country | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1  See Global Notes<br>Name |
| Street |
| City                          State          ZIP Code |
| Country |

_____
Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          Page 19

Debtor:  Light Blue Optics, Inc. _____   Case number *(if known)*:  23-50045

Name

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

|  | Name and address of the person who has possession of inventory records |
|---|---|
| 27.1 | Name |
| | Street |
| | |
| | City          State          ZIP Code |
| | Country |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1 See SOFA 28 Attachment | | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☒ Yes. Identify below.

| Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.1 Amy Gamble | Address on File | Chief Financial Officer | From 2/2023 To 4/2023 |
| 29.2 Trent Waterhouse | Address on File | Chief Execuitive Officer | From 10/2021 To 4/2023 |

Debtor: Light Blue Optics, Inc.                                    Case number *(if known)*:   23-50045
_____
Name

**30.  Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | | | | |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to debtor** | | | |

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☒ Yes. Identify below.

| | Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|---|
| 31.1 | Light Blue Optics, Inc. | EIN:  26-1087669 |

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| | Name of the pension fund | Employer Identification number of the pension fund |
|---|---|---|
| 32.1 | | EIN: |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/28/2023
                   MM / DD / YYYY

✗    / s / Michael Yoshimura                                      Printed name    Michael Yoshimura

     Signature of individual signing on behalf of the debtor

     Position or relationship to debtor    Co-Chief Restructuring Officer

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207)** attached?

☐    No

☑    Yes

**In re: Light Blue Optics, Inc.**
**Case No. 23-50045**
Attachment 26a
Books, records and financial statements - Accountants and bookkeepers

| Name | Address 1 | Address 2 | City | State | Zip | Title | Dates of service |
|------|-----------|-----------|------|-------|-----|-------|------------------|
| Amy Gamble | 216 West Village Blvd. | Suite 102 | Laredo | TX | 78041 | Senior Controller | Februray 2022 – Present |
| JD Floyd | 216 West Village Blvd. | Suite 102 | Laredo | TX | 78041 | Interim CFO | June 2021 - October 2021 |
| John Harris | 216 West Village Blvd. | Suite 102 | Laredo | TX | 78041 | Interim CFO | November 2021 - February 2022 |
| Karri Reames | 216 West Village Blvd. | Suite 102 | Laredo | TX | 78041 | Controller | July 2022 – Present |
| Megan Farnsworth | 216 West Village Blvd. | Suite 102 | Laredo | TX | 78041 | Controller | October 2021 – June 2022 |

**In re: Light Blue Optics, Inc.**
**Case No. 23-50045**
Attachment 28
Current Partners, Officers, Directors and Shareholders

| Name | Address 1 | Address 2 | City | State | Zip | Position and nature of any interest | % of interest, if any |
|------|-----------|-----------|------|-------|-----|-------------------------------------|----------------------|
| Greg Ruffini | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Board Member | 0% |
| Lifesize, Inc. | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Parent Company | 100% |
| Marc Bilbao | 350 S. Grand Avenue | Suite 3000 | Los Angeles | CA | 90071 | Co-Chief Restructuring Officer | 0% |
| Michael Yoshimura | 1111 Third Avenue | 12th Floor | Seattle | WA | 98101 | Co-Chief Restructuring Officer | 0% |
| Ryan Wald | 216 West Village Blvd | Suite 102 | Laredo | TX | 78041 | Board Member | 0% |