**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LIFESIZE, INC., | Case No. 23-50038 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM,**
**INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9),**
**(II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION**
**DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR**
**FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) REQUESTS, AND**
**(IV) APPROVING NOTICE OF BAR DATES**

(Related Docket No. 126)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Bar Date Order"), (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these Chapter 11 Cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date (each defined below), (c) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment, and (d) approving notice of the Bar Dates (defined below), all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 W. Village Blvd., Laredo, TX 78041.

[2] Capitalized terms used but not defined in this Order are defined in the Motion.

1

this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

**A.      The Bar Dates and Procedures for Filing Proofs of Claim**

2.      Each entity[3] that asserts a claim against any of the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as Exhibit 1 (the "Proof of Claim Form") or Official Form 410.[4]  Except

---

[3]  Except as otherwise defined in this Order and in the Motion, the Bankruptcy Code defines used in this Order. In particular: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]  Copies of Official Form 410 may be obtained by: (a) calling the Debtors' restructuring hotline at 866.967.0495 (toll-free); (b) visiting the Debtors' restructuring website at http://www.kccllc.net/lifesize; or (c) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

in the cases of governmental units and certain other exceptions explicitly set forth herein, all Proofs of Claim must be filed so that they are actually received on or before July 31, 2023, at 5:00 p.m. (prevailing Central Time) (the "Claims Bar Date"), at the addresses and in the form set forth herein. The Claims Bar Date applies to all types of claims against any of the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (defined below) as set forth in the Motion or this Bar Date Order.

3. Each employee and former employee of the Debtors and their non-Debtor affiliates that asserts a claim against the Debtors that arose before the Petition Date is authorized to file a Proof of Claim that redacts personally identifiable information with the Debtors' Claims and Noticing Agent, provided that an unredacted Proof of Claim shall be provided upon request by the Debtors. The Debtors are authorized to take reasonable action to prevent employees' and former employees' personally identifiable information from being publicly available on the claims register.

4. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, so they are actually received on or before November 13, 2023 at 5:00 p.m. (prevailing Central Time) (the "Governmental Bar Date"), at the address and in the form set forth herein.

5. Unless otherwise ordered, all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such

rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. prevailing Central Time on the date that is 30 days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").

6.      If any of the Debtors amend the Schedules after having served the Bar Date Notice (defined below), the applicable Debtor shall give notice by first-class mail of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days from the date the notice of the Schedule amendment is filed with the Court and mailed (the "Amended Schedules Bar Date" and together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates").

7.      All Proofs of Claim must be filed or submitted so as to be *actually received* by the Claims and Noticing Agent on or before the applicable Bar Date. If Proofs of Claim are not received by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these Chapter 11 Cases and receiving distributions from the applicable Debtor on account of such claims in these Chapter 11 Cases.

**B.      Parties Required to File Proofs of Claim**

8.      The following categories of claimants, in the capacities described below, shall be required to file a Proof of Claim by the Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.      any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation, prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

d.      any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**C.      Parties Exempted from the Bar Date**

9.      The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.      any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.      any Debtor having a claim against another Debtor;

f.       any entity whose claim is solely against any non-Debtor affiliates;

g.       any entity whose claim has been paid by a Debtor pursuant to a Court order;

h.       a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.       any entity holding a claim for which a separate deadline is fixed by this Court;

j.       any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date; and

k.       any entity holding an equity interest in any Debtor.

## D.       Substantive Requirements of Proofs of Claim

10.       The following requirements shall apply with respect to filing and preparing each

Proof of Claim:

a.       **Contents**.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, either electronically or by hand.

b.       **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.       **Electronic Signatures Permitted**.  With respect to Proofs of Claim submitted electronically, only ***original*** Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.    **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (No. 23-50038), or otherwise without identifying a specific Debtor, will be deemed as filed only against Lifesize, Inc.

e.    **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Lifesize, Inc.

f.    **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).

g.    **Timely Service**.  Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at http://www.kccllc.net/lifesize or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or other applicable Bar Date, at the following address:

**Lifesize Claims Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

h.    **Receipt of Service**.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

**E.    Identification of Known Creditors**

11.    The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

**F.    Mailing of Notice of Bar Dates**

12.    No later than two business days after the initial date on which the Debtors file their Schedules, the Debtors shall cause a written notice of the Bar Dates, substantially in the form

7

attached hereto as <u>Exhibit 2</u> (the "<u>Bar Date Notice</u>") and a Proof of Claim Form (together, the "<u>Bar Date Package</u>") to be mailed via first-class mail to the following entities:

a.     the U.S. Trustee for the Southern District of Texas;

b.     the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

c.     Prepetition Secured Parties;

d.     counsel to the Committee;

e.     all creditors and other known holders of Claims against the Debtors as of the initial date on which the Debtors file their Schedules, including all entities listed in the Schedules as holding Claims against the Debtors;

f.     all entities that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

g.     all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of the Bar Date Order;

h.     all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

i.     all entities who are party to executory contracts and unexpired leases with the Debtors;

j.     all entities who are party to active litigation with the Debtors;

k.     all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

l.     all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

m.     the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

n.     the District Director of the Internal Revenue Service for the Southern District of Texas;

o.     all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

p.     all other entities listed on the Debtors' matrix of creditors;

q.     the United States Securities and Exchange Commission; and

DOCS_LA:349865.3 52624/002

r.      the Office of the United States Attorney for the Southern District of Texas.

13.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages (including those based on amendments to the Schedules), including if: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the notice of the Bar Dates in these and similar circumstances at any time up to 14 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

14.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**G.      Consequences of Failure to File a Proof of Claim**

15.     Any person or entity that is required, but fails, to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall not be treated as a creditor in these cases in any respect on account of such claim, shall not be entitled to vote on any plan in these chapter 11 cases, shall not be entitled to a distribution on account of such claim under a plan or otherwise in these cases, and shall not receive further notices regarding such claim. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on

Schedule F of the Schedules as not contingent, not disputed, and liquidated. Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these Chapter 11 Cases.

**H.      Miscellaneous**

16.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

18.      The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

19.      This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.


Dated: _____, 2023

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

(Proof of Claim Form)

Your claim can be filed electronically on KCC's website at **https://epoc.kccllc.net/lifesize**

| United States Bankruptcy Court for the Southern District of Texas |
|---|

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**)

☐ Lifesize, Inc. (Case No. 23-50038)
☐ SL Midco 1, LLC (Case No. 23-50039)
☐ SL Midco 2, LLC (Case No. 23-50040)

☐ Serenova, LLC (Case No. 23-50041)
☐ Telstrat, LLC (Case No. 23-50042)
☐ LO Platform MidCo, Inc. (Case No. 23-50043)

☐ Serenova WFM, Inc. (Case No. 23-50044)
☐ Light Blue Optics, Inc. (Case No. 23-50045)

## Official Form 410
# Proof of Claim
**06/23**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.   From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Number     Street

City                    State          ZIP Code

Country

Contact phone

Contact email

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City                    State          ZIP Code

Country

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known) _____   Filed on _____
                                                                      MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

---

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

---

7. **How much is the claim?**

$ _____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

9. **Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                              $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes**.** Identify the property: _____

---

Official Form 410

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br><br>$_____ | |

---

| **Part 3:** | **Sign Below** |
|---|---|

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br><br>☐ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  _____<br>　　　　　　　　　　MM / DD / YYYY<br><br>_____<br>　　Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name　_____<br>　　　　First name　　　　　Middle name　　　　　Last name<br><br>Title　_____<br><br>Company　_____<br>　　　　Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address　_____<br>　　　　Number　　　Street<br>　　　　_____<br>　　　　City　　　　　　　　State　　　ZIP Code　　　Country<br><br>Contact phone　_____　　　Email　_____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                          12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

■ **Fill in all of the information about the claim as of the date the case was filed.**

■ **Fill in the caption at the top of the form**

■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

■ **Attach any supporting documents to this form.**
Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

■ **Do not attach original documents because attachments may be destroyed after scanning.**

■ **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Lifesize Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/lifesize.

■ **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/lifesize

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Exhibit 2**

(Proposed Bar Date Notice)

DOCS_LA:349865.3 52624/002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| LIFESIZE, INC., | Case No. 23-50038 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT**
**PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. | DEBTOR | CASE NO. | DEBTOR | CASE NO. |
|---|---|---|---|---|---|
| Lifesize, Inc. | 23-50038 | SL Midco 1, LLC | 23-50039 | SL Midco 2, LLC | 23-50040 |
| Serenova, LLC | 23-50041 | Telstrat, LLC | 23-50042 | LO Platform MidCo, Inc. | 23-50043 |
| Serenova WFM, Inc. | 23-50044 | Light Blue Optics, Inc. | 23-50045 | | |

**PLEASE TAKE NOTICE THAT:**

On May 16, 2023 (the "Petition Date"), Lifesize, Inc. and certain of its affiliates, as debtors

and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under

chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the Southern District of Texas (the "Court").

On June 29, 2023, the Court entered an order [Docket No. ___] (the "Bar Date Order")

establishing certain dates by which parties holding prepetition claims against the Debtors must file

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 W. Village Blvd., Laredo, TX 78041.

proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice is a Proof of Claim form, which, if applicable, identifies the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules").  If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates").

2

a.  *The Claims Bar Date*. Except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before May 16, 2023, including requests for payment under section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim no later than 5:00 p.m., prevailing Central Time on **July 31, 2023** (the "Claims Bar Date"). Except as expressly set forth in this Notice and Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before May 16, 2023, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.  *The Governmental Bar Date*. All governmental units holding claims against the Debtors that arose or are deemed to have arisen before May 16, 2023, are required to file proofs of claim by **November 13, 2023**, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date"). The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose or are deemed to have arisen before May 16, 2023, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.  *The Rejection Damages Bar Date*. All entities holding claims arising from the Debtors' rejection of an executory contract or unexpired lease are required to file Proofs of Claim by the Rejection Damages Bar Date, (that is, by the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days following entry of the order approving the rejection of the applicable executory contract or unexpired lease).

d.  *The Amended Schedules Bar Date*. All entities holding claims affected by the amendment to the Debtors' Schedules are required to file Proofs of Claim by the Amended Schedules Bar Date (that is, by the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors file with the Court and mail notice of the amendment to the Schedules).

## II.   WHO MUST FILE A PROOF OF CLAIM OR ADMINISTRATIVE CLAIM

Except as otherwise noted below, the following entities holding claims against the Debtors that arose or are deemed to have arisen before May 16, 2023, **must** file Proofs of Claim on or before the Claims Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.  any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in such Schedules as "contingent," "unliquidated," or

"disputed" if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.   any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any entity who believes that its claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

d.   any entity who believes that its claim against a Debtor is or may be an administrative expense that arises on or before the Administrative Claims Deadline, excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority under section 503(b)(9) of the Bankruptcy Code; and

e.   any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

## III.   ENTITIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain entities are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, do ***not*** need to file Proofs of Claims:

a.   any entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Claims and Noticing Agent in a form substantially similar to Official Form 410;

b.   any entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.   any entity whose claim has previously been allowed by a final order of the Court;

d.   any entity whose claim has been paid in full by the Debtors under a Court order;

e.   any Debtor having a claim against another Debtor;

4

f.      any entity holding an equity interest in the Debtors;

g.      any entity exempted from filing a Proof of Claim under an order of the Court in these chapter 11 cases;

h.      the U.S. Trustee for fees under 28 U.S.C. § 1930;

i.      any entity holding a claim for which a separate deadline is fixed by this Court;

j.      any entity whose claim is solely against any non-Debtor affiliates;

k.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *but* a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, or retaliation.

l.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *but* any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert that claim by filing a request for payment or a Proof of Claim by the Claims Bar Date.

## IV.      INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

These are the requirements for preparing and filing Proofs of Claim:

a.      *Contents*.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.      *Section 503(b)(9) Claim*.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before May 16, 2023; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      *Electronic Signatures Permitted*.   Only *original* Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.   Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim must be retained by the filing party for not less than five years after the

5

Debtors' cases are closed, and on request, provided to the Court or other parties for review.

d.   *Identification of the Debtor Entity*.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 23-50038 (DRJ)) or otherwise without identifying a specific Debtor, will be treated as though it were filed against Lifesize, Inc.

e.   *Claim Against Multiple Debtor Entities*.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Lifesize, Inc.

f.   *Supporting Documentation*.   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).

g.   Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at http://www.kccllc.net/lifesize or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or other applicable Bar Date, at the following address:

**Lifesize Claims Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR**
**ELECTRONIC MAIL WILL NOT BE ACCEPTED**

---

h.   *Receipt of Service*. Claimants submitting a Proof of Claim through non-electronic means who wish to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent), and (ii) a pre-addressed, stamped envelope.

V.      **CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

In accordance with the Bar Date Order and Bankruptcy Rule 3003(c)(2), if you are required, but fail, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date:

>   a.      **YOU WILL NOT BE TREATED AS A CREDITOR IN THESE CASES IN ANY RESPECT ON ACCOUNT OF YOUR CLAIM;**
>
>   b.      **YOU WILL NOT RECEIVE ANY DISTRIBUTION ON ACCOUNT OF YOUR CLAIM UNDER A CHAPTER 11 PLAN OR OTHERWISE IN THESE CASES; AND**
>
>   c.      **YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN ON ACCOUNT OF YOUR BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING YOUR CLAIM.**

VI.     **AMENDMENTS TO THE DEBTORS' SCHEDULES**

If, after the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor must file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time on the date that is 30 days after the date that on which the Debtors file with the Court and mail notice of the amendment to the Schedules (or another time the Court may fix) as the date by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claim (any such date, an "Amended Schedules Bar Date").

VII.    **RESERVATION OF RIGHTS.**

Nothing contained in this Notice waives the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature,

amount, liability, or classification; (b) later designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VIII.   ACCESSING THE SCHEDULES.

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the instructions on the enclosed Proof of Claim Form(s) regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth:  (a) the amount of your claim (if any) as scheduled; (b)  the Debtor entity against which it is scheduled; (c)  whether your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed; and (d)  whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do ***not*** need to file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX.      ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge at www.kccllc.net/lifesize.  The

8

Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://ecf.txsb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Claims and Noticing Agent's information line at 866-967-0495 (US & Canada toll free).

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM**

DOCS_LA:349865.3 52624/002

Dated: June ___, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Benjamin L. Wallen*

Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
bwallen@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Cia H. Mackle (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com
jkroop@pszjlaw.com
cmackle@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

DOCS_LA:349865.3 52624/002