**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| In re:<br><br>LIFESIZE, INC. *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-50038 (DRJ)<br><br>(Jointly Administered) |

**COVER SHEET TO FIRST AND FINAL APPLICATION OF
PACHULSKI STANG ZIEHL & JONES LLP FOR FINAL ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS BANKRUPTCY COUNSEL TO THE DEBTORS FOR THE
PERIOD FROM MAY 16, 2023 THROUGH OCTOBER 17, 2023**

**Complex Case Fee Application Coversheet (Hourly)**

| | | |
|---|---|---|
| **Name of Applicant:** | Pachulski Stang Ziehl & Jones LLP | |
| **Applicant's Role in Case:** | Counsel to the Debtors | |
| **Docket No. of Employment Order(s):** | Docket No. 204, effective May 16, 2023 | |
| **Interim Application ( ) No.**<br>**Final Application ( X )** | This is the final fee application. | |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 05/16/23 | 10/17/23 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? ( Y ) Y/N | | |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? ( Y ) Y/N | | |
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? ( Y ) Y/N | | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980); SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041.

| **Name of Applicant:** | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| **Do expense reimbursements represent actual and necessary expenses incurred? ( Y ) Y/N** | |
| **Compensation Breakdown for Time Period Covered by this Application** | |
| **Total professional fees requested in this Application:** | $795,325.00 |
| **Total professional hours covered by this Application:** | 611.20 |
| **Average hourly rate for professionals:** | $1,301.25 |
| **Total paraprofessional fees requested in this Application:** | $70,230.50 |
| **Total paraprofessional hours covered by this Application:** | 130.90 |
| **Average hourly rate for paraprofessionals:** | $536.52 |
| **Total fees requested in this Application:** | Up to $1,007,555.50 (including Tail Fees and Expenses (defined below)) |
| **Total expense reimbursements requested in this Application:** | $539.53 |
| **Total fees and expenses requested in this Application:** | Up to $1,008,095.03 |
| **Total fees and expenses awarded in all prior Applications:** | N/A |

**Plan Status:** No plan has been or will be filed in these cases. The Debtors, having consulted with the principal creditor constituencies in these cases, believe it in the best interests of the estates to either dismiss or convert these cases to Chapter 7 at the appropriate time.

**Primary Benefits:** PSZJ has provided comprehensive general bankruptcy counsel to the Debtors in all aspects of their Chapter 11 restructuring. PSZJ has advised and assisted the Debtors in preparing and filing their Chapter 11 petitions, in obtaining critical first-day relief, in negotiating, obtaining Court approval for, and successfully consummating the sale of substantially all the Debtors assets in a going concern posture, and in completing the post-sale preparations for the winding up of the Debtors' estates in Chapter 7.

Dated: September 15, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
bwallen@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Cia H. Mackle (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com
jkroop@pszjlaw.com
cmackle@pszjlaw.com

*Counsel to Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| In re:<br><br>LIFESIZE, INC. *et al.*,<br><br>Debtors.[2] | Chapter 11<br><br>Case No. 23-50038 (DRJ)<br><br>(Jointly Administered) |

**FIRST AND FINAL APPLICATION OF
PACHULSKI STANG ZIEHL & JONES LLP FOR FINAL ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS BANKRUPTCY COUNSEL TO THE DEBTORS FOR THE
<u>PERIOD FROM MAY 16, 2023 THROUGH OCTOBER 17, 2023</u>**

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 17, 2023 AT 1:00 PM IN COURTROOM 400, FLOOR 4, 515 RUSK, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE JONES' HOME PAGE. THE MEETING CODE IS "JUDGEJONES". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JONES' HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

---

[2] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980); SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041.

Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel to the above-captioned debtors in possession (the "Debtors"), files this application (this "Application") seeking final allowance of compensation for services rendered and reimbursement of expenses actually and reasonably incurred for the period from May 16, 2023 through October 17, 2023 (the "Final Application Period"),³ under section 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 244] (the "Interim Compensation Order"). For the Final Application Period, PSZJ seeks final allowance of $865,555.50 as fees for services rendered and $539.53 as reimbursement of expenses incurred, plus an estimated $142,000 in fees and expenses actually incurred during the Tail Period (the "Tail Fees and Expenses"), for a total request of $1,008,095.03. In support of this Application, PSZJ submits the declaration of Jeffrey N. Pomerantz attached hereto as **Exhibit 1** and a proposed order granting the Application attached hereto as **Exhibit 2**. In further support of this Application, PSZJ respectfully states as follows:

---

[3] PSZJ anticipates that the hearing set for October 17, 2023 (the "Final Hearing"), in these cases will be the last hearing in these cases before they are either dismissed or converted to Chapter 7. Because this final application—and the final fee applications for all estate professionals—are being filed on or before September 15, 2023, in anticipation of the Final Hearing, this application contains an estimate of fees and expenses PSZJ expects to incur between September 10, 2023 (the latest date for which actual fees and expenses are reflected on this application) and the Final Hearing (the "Tail Period").

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter under 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. General Case Background

2. On May 16, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"), commencing these cases (the "Cases"). No trustee or examiner has been appointed in the Cases. The Debtors continue to operate their businesses as debtors in possession under Bankruptcy Code § 1107(a) and 1108.

3. On June 6, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") under Bankruptcy Code § 1102. *See* Docket No. 93.

### B. The Debtors' Retention of PSZJ

4. On June 12, 2023, PSZJ filed its *Application for Entry of An Order Authorizing the Retention and Employment of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of May 16, 2023* [Docket No. 105] (the "PSZJ Retention Application"). The Court entered the order approving the PSZJ Retention Application on July 12, 2023 [Docket No. 215] (the "Retention Order").

5. The Retention Order authorizes the Debtors to compensate and reimburse PSZJ in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders

entered in these Cases. The Retention Order also authorizes the compensation of PSZJ at its standard hourly rates and the reimbursement of PSZJ's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

## SUMMARY OF REQUESTED COMPENSATION AND REIMBURSEMENT OF EXPENSES

6.     PSZJ seeks allowance of $1,008,095.03, which consists of $865,555.50 in fees calculated at the hourly billing rates of PSZJ personnel who worked on these Cases, $539.53 in expenses actually and necessarily incurred by PSZJ while providing services to the Debtors during the Final Application Period, and an estimated $142,000 in Tail Fees and Expenses actually incurred.[4] During the Final Application Period, PSZJ attorneys and paraprofessionals expended a total of 742.10 hours for which compensation is requested.

7.     Under the Interim Compensation Order, during these Cases, PSZJ has submitted three monthly fee statements (each a "Fee Statement") for the calendar months of May 2023, June 2023, and July 2023 during the Final Application Period.[5] PSZJ has received payment in accordance with the terms of the Interim Compensation Order and Plan, as set forth in the table below. As of the date of this Application, PSZJ has not received any objections to any of its Fee Statements and all deadlines to object to PSZJ's Fee Statements have passed. The following chart summarizes the amounts billed and subsequently paid to PSZJ in accordance with the Interim Compensation Order for the Fee Statements relating to the Final Application Period:

---

[4] All amounts reflected from this point forward in this Application do not include the Tail Fees and Expenses, which are also submitted for final approval in this Application as supplemented shortly before the Final Hearing. The amount of Tail Fees and Expenses was calculated by assuming 100 hours at an assumed blended rate of $1,420 and no assumed expenses. PSZJ will true up its Tail Fees and Expenses by filing a notice of actual fees and expenses incurred during the Tail Period and an amended proposed order shortly before the Final Hearing.

[5] PSZJ has not filed a monthly statement for the period August 1, 2023 – September 10, 2023, for which fees in the amount of $121,914.00 and expenses in the amount of $8.90 are included in the Final Application Period.

| Period | Fees Incurred | Fees Paid | Expenses Incurred | Expenses Paid | Balance Due |
|---|---|---|---|---|---|
| May 16 – 31, 2023 | $174,604.00 | ($139,683.20) | $32.40 | ($32.40) | **$34,920.80** |
| June 2023 | $285,046.00 | ($228,036.80) | $239.91 | ($239.91) | **$57,009.20** |
| July 2023 | $283,991.50 | ($227,193.20) | $258.32 | ($258.32) | **$56,798.30** |
| Totals | **$743,641.50** | **($594,913.20)** | **$530.63** | **($530.63)** | **$148,728.30** |

8.  The fees charged by PSZJ in these Cases are billed in accordance with PSZJ's existing billing rates and procedures in effect during the Final Application Period. The rates PSZJ charges for the services rendered by its professionals and paraprofessionals in these Cases generally are the same rates PSZJ charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

9.  Attached hereto as **Exhibit 3** is a summary of hours and amounts billed by timekeeper during the Final Application Period. The summary sheet lists the PSZJ professionals, paraprofessionals, and other personnel who have performed services for the Debtors during the Final Application Period, the capacities in which each individual is employed by PSZJ, the department in which each individual practices, the hourly billing rate charged by PSZJ for services performed by each individual, the year in which each attorney was first licensed to practice law, and the aggregate number of hours expended in this matter and fees billed.

10. PSZJ maintains computerized records of the time spent by all PSZJ attorneys and paraprofessionals in connection with these Cases. Copies of the time records of PSZJ's attorneys and paraprofessionals for the Final Application Period are attached hereto as **Exhibit 4**.

## SUMMARY OF SERVICES RENDERED DURING THE
## FINAL APPLICATION PERIOD

11. The following briefly summarizes the services rendered by PSZJ on behalf of the Debtors during the Final Application Period organized by project category. The summaries that follow are not intended to be a detailed description of the work performed by PSZJ during the Final Application Period, as those day-to-day services and the time expended in performing them are fully set forth in the contemporaneous time records attached as **Exhibit 4**.

    A.    **Asset Analysis**

        Total Fees:    $3,163.50    Total Hours: 2.30

12. PSZJ's professionals expended time in this category responding to Committee requests, conferring internally regarding ERC tax payments, and analyzing the status of ERC proceeds expected from the IRS.

    B.    **Asset Disposition**

        Total Fees:    $285,135.50   Total Hours:   218.20

13. PSZJ's professionals expended time in this category performing all services associated with the negotiation, seeking Court approval of, consummating, and implementing the sale of substantially all the Debtors' assets in a going-concern posture, including the assumption and assignment of executory contracts to the buyer of the Debtor's assets.

    C.    **Business Operations/Operations**

        Total Fees:    $64,178.50    Total Hours:   47.30

14. PSZJ's professionals expended time in this category addressing ongoing matters associated with the operation of the Debtors' business, relationships with critical vendors, certain employee-related matters, and episodic problems associated with operating a complex business in Chapter 11.

D. **Case Administration**

Total Fees:    $76,821.50    Total Hours:    86.90

15. PSZJ's professionals expended time in this category preparing hearing notices, maintaining a critical dates memorandum, corresponding and conferring regarding case administration issues and work-in-process, preparing witness and exhibit lists, reviewing cash flow budgets, reviewing materials for the Initial Debtor Interview, and conferring regarding wind-down.

E. **Claims Administration**

Total Fees:    $42,348.00    Total Hours:    39.90

16. This category includes time expended by PSZJ's professionals during the Final Application Period in connection with the analysis of claims, cure amounts and rejection claims for executory contracts, and other episodic claims-related matters.

F. **Corporate Governance**

Total Fees:    $1104.50    Total Hours:    0.80

17. This category includes time expended by PSZJ's professionals during the Final Application Period in connection with governance matters.

G. **PSZJ Compensation/Other Professionals' Compensation**

Total Fees:    $22,852.00    Total Hours:    25.90

18. PSZJ's professionals expended time in this category, which included preparing the interim compensation procedures motion, preparing monthly fee statements for May, June, and July 2023, reviewing FTI's monthly fee statements, and working on this Application.

H.  **Employee Benefits/ Pensions and KEIP/KERP**

Total Fees:    $14,202.50    Total Hours:   13.80

19. PSZJ's professionals expended time in this category working with FTI and the Debtors to formulate and obtain approval for a key employee retention plan for eight of the Debtor's non-officer employees.

I.  **Executory Contracts**

Total Fees:    $2,100.00    Total Hours:   1.90

20. PSZJ's professionals expended time in this category reviewing and finalizing the Master Reseller Stipulation (Calabrio) and conferring with litigation counsel regarding release and dismissal of the Farnum lawsuit, and reviewing assignment agreements for executory contracts.

J.  **First Day**

Total Fees:    $45,942.50    Total Hours:   43.60

21. PSZJ's professionals expended time in this category preparing first-day motions and attending the hearings regarding both first-day and second-day motions.

K.  **Financial Filings**

Total Fees:    $16,962.00    Total Hours:   16.10

22. PSZJ's professionals expended time in this category, preparing and reviewing the Debtors' Statement of Financial Affairs and Schedules of Assets and Liabilities and reviewing data associated with monthly operating reports.

**L.     Financing**

   Total Fees:   $149,826.50   Total Hours:   116.40

23.     PSZJ's professionals expended time in this category negotiating the terms of interim and final debtor-in-possession financing orders, seeking court approval and attending hearing concerning DIP financing orders, and addressing Committee objections to DIP financing.

**M.     General Creditors' Committee**

   Total Fees:   $9,797.00   Total Hours:   7.10

24.     This category included time spent in discussions and negotiations with the Committee and its professionals regarding various issues in these Cases.

**N.     Hearing**

   Total Fees:   $834.50   Total Hours:   0.60

25.     This category was limited to scheduling the Final Hearing and attending to related hearing scheduling issues.

**O.     Litigation/Non-Bankruptcy**

   Total Fees:   $4,131.50   Total Hours:   4.30

26.     This category was limited to episodic discussions and services associated with various pieces of litigation against the Debtors in non-bankruptcy forums.

**P.     Meeting of Creditors**

   Total Fees:   $6,468.00   Total Hours:   5.30

27.     This category included preparations for, attendance at, and follow-up tasks associate with the Section 341 meeting of creditors.

**Q.     Plan & Disclosure Statement**

Total Fees:     $53,863.50     Total Hours:   40.00

28.     Earlier in these cases, PSZJ believed that the optimal method of concluding these cases would be a joint plan of liquidation following the sale of substantially all the Debtor's assets. Time was spent analyzing plan structures and alternatives and writing a plan and associated disclosure statement. Ultimately, the major creditor constituencies in these Cases expressed a preference for alternative conclusions for these Cases.

**R.     PSZJ Retention/Retention of Others**

Total Fees:     $65,645.00     Total Hours:   71.50

29.     PSZJ's professionals expended time in this category preparing its retention application and the application of FTI and related pleadings, and performing a conflicts check in connection with retention applications, reviewing Piper Sandler's retention application, and dealing with the Committee's objection to Piper Sandler's retention application.

**S.     Tax Issues**

Total Fees:     $179.00     Total Hours:   0.20

30.     This category contains one instance of responding to IRS inquiries.

**FINAL APPLICATION PERIOD**

31.     The professional services performed by PSZJ on behalf of the Debtors during the Final Application Period required an aggregate expenditure of more than 742.10 hours by PSZJ's partners, counsel, associates, paraprofessionals, and other non-legal staff. Of the aggregate time expended in the Final Application Period, 134.20 recorded hours were expended by partners of PSZJ, 359.40 recorded hours were expended by counsel, 117.60 recorded hours were expended by associates, and 130.90 recorded hours were expended by paraprofessionals and others of PSZJ.

32. PSZJ estimates that it will expend approximately 100 hours of professional and paraprofessional time during the Tail Period.

33. During the Final Application Period, PSZJ billed the Debtors for time expended by attorneys based on hourly rates ranging from $825 to $1,595 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $1,166.36 (based on 742.10 recorded hours for professionals at PSZJ's agreed billing rates in effect at the time of the performance of services).

34. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently. Whenever possible, PSZJ sought to minimize the costs of its services to the Debtors by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

35. In sum, the services rendered by PSZJ during the Final Application Period were necessary and beneficial to the Debtors and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, the final approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## BASIS FOR THE RELIEF REQUESTED

36. Bankruptcy Code § 330(a)(1) provides that a Court may award a professional employed under Bankruptcy Code § 327 "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses."

37. Bankruptcy Code § 330(a)(3) also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to …

> [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> A. the time spent on such services;
>
> B. the rates charged for such services;
>
> C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

38. In determining the reasonableness of fees, courts routinely employ the twelve factors set forth by the Fifth Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) which incorporates and expands upon the requirements of Bankruptcy Code § 330. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 123 n.8. In *In re Fourth Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977), the Fifth Circuit applied the *Johnson* factors to the analysis of fee awards in bankruptcy cases.

39. Under an analysis utilizing the *Johnson* factors and the standards customarily applied to fee awards under Bankruptcy Code § 330, PSZJ submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount. PSZJ devoted a substantial amount of time and effort addressing the numerous issues involved in these Cases, as summarized above and detailed in **Exhibit 4** hereto. Whenever possible, PSZJ sought to minimize the costs of its services to the Debtors by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

40. PSZJ respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to represent the Debtors effectively and efficiently.

41. Further, PSZJ submits that consideration of the relevant *Johnson* factors establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtors:

   (a) *The Time and Labor Required*. The professional services rendered by PSZJ on behalf of the Debtors have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered with skill and dispatch. PSZJ respectfully represents that the services rendered by it were performed efficiently, effectively, and economically.

   (b) *The Novelty and Difficulty of Questions*. These Cases are designated as "complex" cases and necessarily involved a significant number of novel or difficult issues in host of areas in connection with the Debtors' restructuring efforts. PSZJ's efforts and effective assistance was for the purpose of maximizing value for the benefit of the estate and its stakeholders.

   (c) *The Skill Required to Perform the Legal Services Properly*. PSZJ believes that its recognized expertise in the area of insolvency proceedings and reorganization, particularly before this Court, have contributed to the efficient and effective representation of the Debtors in these Cases.

   (d) *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. PSZJ's representation of the Debtors has not precluded its acceptance of new clients.

But the issues that have arisen in these Cases required attention on a continuing and oftentimes emergent basis, requiring PSZJ's professionals to commit significant portions of their time to these Cases.

(e) *The Customary Fee*. The fees sought in this Application are based on PSZJ's normal hourly rates for services of this kind. PSZJ respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Debtors. PSZJ's hourly rates and the fees requested in this Application are commensurate with fees PSZJ has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

(f) *Whether the Fee is Fixed or Contingent*. The fees requested in this Application represent fees incurred based on a fixed hourly rate, subject to the Court's approval of this Application.

(g) *Time Limitations Imposed by Client or other Circumstances*. PSZJ provided capable legal representation within the time limitations imposed under the unique circumstances of these Cases. The issues that have arisen in these Cases, particularly with respect to the disputes among the various stakeholders, required attention on a continuing and oftentimes emergent basis.

(h) *The Amount Involved and Results Obtained*. For the reasons described above, PSZJ respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous matters that had to be addressed.

(i) *The Experience, Reputation and Ability of the Attorneys*. PSZJ is a professional association whose more than 75 attorneys practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; corporate, finance and business transactions; employment, and other phases of the law. PSZJ has represented debtors, creditors, fiduciaries, and numerous other parties in cases before the Bankruptcy Courts for the Southern District of Texas as well as in dozens of other Bankruptcy Courts throughout the country.

(j) *The Undesirability of the Case*. Not applicable.

(k) *Nature and Length of Professional Relationship*. Not applicable.

(l) *Awards in Similar Cases*. As previously indicated, the fees sought in this Application are commensurate with fees PSZJ has been awarded in other chapter 11 cases.

42. In sum, the services rendered by PSZJ were necessary and beneficial to the Debtors and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. This Application requests approval of the fees and expenses incurred by PSZJ during the Final Application Period in accordance with Bankruptcy

Code § 330. No previous application for the relief sought in this Application has been made to this or any other Court.

**WHEREFORE**, PSZJ respectfully requests that the Court: (a) allow on a final basis compensation and reimbursement for the period from May 16, 2023, through and including September 10, 2023, in the amount of $866,095.03, consisting of fees for professional services rendered to the Debtors in the amount of $865,555.50 and out-of-pocket expenses incurred in connection with the rendering of such services in the amount of $539.53; (b) allow on a final basis compensation and reimbursement for all actual Tail Period Fees and Expenses; and (c) grant any further relief the Court deems proper under the circumstances.

Dated: September 15, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
bwallen@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
Cia H. Mackle (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com
jkroop@pszjlaw.com
cmackle@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*